316 So.2d 589 (1975)
Charles J. VALENTI, Sr., and Jerome S. Gross, Inc., Appellants,
v.
CORAL REEF SHOPPING CENTER, INC., and Percival Corporation, Appellees.
CORAL REEF SHOPPING CENTER, INC., and Percival Corporation, Appellants,
v.
Charles J. VALENTI, Sr., et al., Appellees.
Nos. 74-1329, 74-1366.
District Court of Appeal of Florida, Third District.
July 8, 1975.
Rehearing Denied August 29, 1975.
*591 Bolles, Goodwin, Ryskamp & Welcher, Miami, for Valenti.
Jerome S. Reisman, Miami for Jerome S. Gross, Inc.
Shorenstein & Lewis, Miami Beach, for Coral Reef Shopping Center and Percival Corp.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
These multi-faceted, consolidated appeals grow out of a final judgment entered in an action based on a written contract for the purchase of real estate by Charles J. Valenti, Sr., defendant in the trial court, from Coral Reef Shopping Center, Inc., and Percival Corporation, sellers and plaintiffs in the trial court. Jerome Gross, Inc., also a defendant, was the real estate broker in the transaction.
The written contracts disclose that Valenti agreed to purchase a shopping center from Coral Reef for one million dollars, and also agreed to purchase the unimproved property adjacent to the shopping center from Percival for $200,000. Earnest money deposits in the amount of $35,000 for the shopping center and $15,000 for the unimproved property were deposited with Gross. Ultimately, Valenti could not get financing and the deal failed to close, whereupon Coral Reef and Percival demanded that Gross deliver the deposit money to them. Valenti instructed Gross not to deliver the deposits, so Percival filed a suit for declaratory decree against Valenti and Gross, and Coral Reef filed a suit for declaratory decree against Valenti and Gross and for damages against Valenti for breach of an alleged oral contract for one year's rent for a store which Coral Reef claims it declined to rent at Valenti's verbal request, although it had the opportunity to do so.
Valenti counterclaimed against Coral Reef and Percival, claiming entitlement to the $50,000 in deposit monies. In addition, he crossclaimed against Gross, the broker, claiming damages for alleged misrepresentations as to procurement of financing, and Gross counterclaimed for a broker's commission.
Following a non-jury trial, the judge entered a final judgment against Valenti on Coral Reef's claim for damages for breach of an oral contract in the amount of $10,800 for lost rental. In such judgment, the court decreed that Coral Reef and Percival were not entitled to the deposit monies for the reason that the properties had increased in value pending the purchase and sale. The court further found for Coral Reef and Percival on Valenti's counterclaim, for Gross on Valenti's crossclaim and against Gross on his claim for a brokerage commission. All parties appeal.
Plaintiffs Coral Reef and Percival contend that the court erred in failing to award them the earnest money deposits as the liquidated and agreed upon damages provided in the two contracts of purchase and sale allegedly breached by Valenti; that the court erred in requiring the plaintiffs to produce evidence as to the value of the properties despite liquidated damage provisions in the contracts; that the court erred in failing to find that it was Valenti's burden to prove the liquidated damage provisions to be a penalty or forfeiture, and that the court erred in failing to award attorneys fees to the plaintiffs by reason of Valenti's alleged breach of the purchase and sale contracts and plaintiffs' involvement in litigation with Gross due to Valenti's wrongful acts.
Valenti contends that the trial court erred in finding there to be an oral lease between Coral Reef and Valenti for the rental of the store; that the award of attorneys fees to Coral Reef by reason of the claim for lost rental on such store was improper since attorneys fees were not provided by contract or by statute, and that the court erred in failing to grant Valenti *592 relief on his crossclaim against Gross, in view of the court's finding that Gross was active in bringing about the deterioration of the transaction.
Finally, Gross contends that the trial court erred in failing to uphold the liquidated damage provisions of the contracts, in finding that Gross contributed to the deterioration of the transaction and in denying its counterclaim for a broker's commission.
As to the judgment for Coral Reef against Valenti for $10,800 in damages for rental for store space, we reverse on the basis that all negotiations merged into the written contract. See Windomaster Corporation v. Jefferson Construction Co., Fla.App. 1959, 114 So.2d 626. Since there was nothing in the contract relative to floor space, the court cannot rewrite the contract to include it. In addition, we reverse the award of attorneys fees to Coral Reef, not only because of the reversal of Coral Reef's recovery of the $10,800, but also because attorneys fees on this claim were not allowable ab initio since they were not provided by contract or by statute. See Stone v. Jeffres, Fla. 1968, 208 So.2d 827.
On the claims of Coral Reef and Percival against Valenti, the trial court made a finding of fact that Coral Reef and Percival presented no evidence to show that the subject properties are presently worth less than the prices specified in the contracts or that such properties depreciated in value since the signing of the contracts, and under these circumstances, the earnest money deposits are to be refunded to Valenti. In our opinion, this constitutes reversible error by the trial court. If damages are not readily ascertainable at the time a contract for the sale of land is drawn, a liquidated damage clause in the form of forfeiture of a deposit does not constitute a penalty, since the land sale market in Florida fluctuates from year to year and it is generally impossible to say at the time a contract for sale is drawn what the vendor's loss will be, should the contract be breached by the purchaser's failure to close. Hutchison v. Tompkins, Fla. 1972, 259 So.2d 129. A sum stipulated in a contract to be liquidated damages must be reasonable under the circumstances. 9A Fla. Jur., Damages § 105 et seq. Applying these rules to the instant case, we find that the amount of the liquidated damages is reasonable and does not amount to a penalty, and therefore, Coral Reef and Percival are entitled to the deposit monies pursuant to the terms of the contracts.
The trial court found that Valenti's crossclaim against Gross was not sustained by the evidence. We agree. Accordingly, denial of the crossclaim is affirmed.
As to Gross' counterclaim for a broker's commission from Coral Reef and Percival, the trial court made a finding that Gross was active in bringing about the deterioration of the transaction. A breach of a broker's fiduciary duties will cause him to forfeit any claim which he may have to a commission. See Carter v. Owens, 1909, 58 Fla. 204, 50 So. 641; Kline v. Pyms Suchman Real Estate Company, Fla. App. 1974, 303 So.2d 401. Therefore, the court was correct in ruling that Gross is not entitled to recover on his claim for a broker's fee.
Affirmed in part, reversed in part.