317 So.2d 868 (1975)
BRUCE BUILDERS, INC., Appellant,
v.
Richard GOODWIN et al., Appellees.
No. 73-1142.
District Court of Appeal of Florida, Fourth District.
August 15, 1975.
Steven Mishan of Law Offices of Steven Mishan, Miami, for appellant.
J. Kaylor Young, Fort Lauderdale, for appellees.
*869 DOWNEY, Judge.
Bruce Builders, Inc., defendant-counter-plaintiff, seeks review of a final judgment awarding it $1.00 as damages.
The appellees agreed to purchase eight lots and contemplated improvements from appellant for a total price of $173,800. Pursuant to the provisions of the contract appellees deposited the sum of $7,200 in escrow toward the purchase price of the lots and contemplated improvements. Among other things, the contract provided that upon default in making further deposits toward the purchase price as required or in failing to close and pay the balance of the purchase price due, the purchaser would forfeit all rights under the contract, and the escrow balance would be delivered to the seller as liquidated damages. No closing ever took place, each party claiming the other breached the contract. Appellees sued appellant and the escrow agents to recover the aforesaid deposit, alleging that appellant had breached the contract. Appellant filed a counterclaim for damages, alleging that appellees had breached the contract.
A non jury trial resulted in a final judgment wherein the court found "the equities in this cause are with Bruce Builders, Inc., a Florida corporation, the Defendant and Counterclaimant, and against Richard Goodwin and Herbert Kontny, the Plaintiffs and Counter-Defendants." The judgment then (1) dismissed the complaint with prejudice, (2) awarded the appellant the sum of $1.00 as damages on its counterclaim, (3) awarded the appellant attorney's fees to be subsequently determined by the court, and (4) directed the escrow agents to disburse to the appellees the $7,200 deposit, less the $1.00 damages and the attorney's fees to be determined by court.
Appellant has assigned as error the determination of only $1.00 as damages and the award of the deposit to the appellees. The appellees filed no cross assignments of error, thus the dismissal of the complaint and the award of attorney's fees are not in issue on appeal.
It is apparent from the final judgment that the court found the appellees had breached the contract. Appellees' breach of their agreement rendered them purchasers in default. As a general rule a purchaser in default (absent exceptions which are not present in this case) cannot recover from the seller money paid in part performance of an executory contract. Beatty v. Flannery, Fla. 1950, 49 So.2d 81; Ruckelshaus v. Broward County School Board, 494 F.2d 1164 (5th Cir.1974). See also O'Neill v. Broadview, Inc., Fla.App. 1959, 112 So.2d 280. Therefore, the award of the deposit to appellees was error even had the contract not provided for its retention by appellant as liquidated damages. Beatty v. Flannery, supra.
The foregoing conclusion determines the rights of the parties in this case. However, since the parties and the trial court devoted considerable time and energy to the question whether the liquidated damage provision in the contract is truly one for liquidated damages or is a penalty, it seems appropriate for us to speak to that issue. We think it should be determined by the rule laid down in Hutchison v. Tompkins, Fla. 1972, 259 So.2d 129. Therein the Supreme Court reviewed the conflict between the landmark case of Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, and the later case of Hyman v. Cohen, Fla. 1954, 73 So.2d 393, and held that whether a clause in a contract is one for liquidated damages or a penalty depends upon whether or not the damages flowing from a breach are readily ascertainable at the time the contract is executed. If the damages are ascertainable on the date of the contract, the clause is a penalty and unenforceable; if they are not so ascertainable, the clause is truly one for liquidated damages and enforceable; however, if subsequent circumstances demonstrate it would be unconscionable to allow the seller to retain the *870 sum in question as liquidated damages, equity may relieve against the forfeiture.
It seems clear that the damages flowing from a breach of the contract in question were not readily ascertainable at the time the contract was executed, therefore the provision for liquidated damages should stand and the appellant is entitled to keep the deposit unless the subsequent circumstances render it unconscionable for appellant to do so.
Turning now to precedent to see what traditionally has shocked "the court's conscience" we find that in Beatty v. Flannery, supra, retention of a $3,000 deposit on a $30,000 contract created no pangs. And in O'Neill v. Broadview, Inc., supra, forfeiture of a $1500 deposit on a $10,440 contract could be tolerated. However, in Hook v. Bomar, 320 F.2d 536 (5th Cir.1968), loss of a $30,000 deposit on a $95,000 contract was found unconscionable. In the case at bar the contract was for $173,800, and the deposit was only slightly more than 4% of that sum. Thus, based upon precedent the amount is not shocking to "the court's conscience."
There is some evidence in the record pertaining to appellant's actual damages, though it is by no means any model of clarity or certainty. The most that can be said for the evidence regarded most favorably to the appellees is that it indicates appellant made a profit of approximately $1250 on six of the lots in question and sustained a loss of $4913 on two lots for a net profit of approximately $2500. Even under these circumstances appellant's retention of the liquidated damages provided in the contract is not shocking.
Accordingly, the judgment is reversed and the cause is remanded with directions that the trial court order disbursal of the $7200 deposit to the appellant. However, in pursuit of consistency, since a seller may not keep a breaching buyer's deposit as liquidated damages and also recover actual damages (Miller Yacht Sales, Inc., v. Scott, Fla.App. 1975, 311 So.2d 762), the trial court shall delete from the final judgment for appellant the $1.00 award.
Reversed and remanded with directions.
WALDEN, C.J., and NEWELL, EMERY J., Associate Judge, concur.