PER CURIAM.
This is an appeal by Charles J. Valenti, Sr. from an order dismissing with prejudice his complaint against appellee, Jerome S. Gross, Inc., which sought contribution.
The transactions out of which' this suit for contribution arose were the subject of prior litigation, the judgment in which, on review by this court, was affirmed in part and reversed in part. See: Valenti (and Jerome S. Gross, Inc.) v. Coral Reef Shopping Center, Inc. (and Percival Corporation), 316 So.2d 589 (Fla. 3d. DCA 1975).
The facts involved in the prior litigation and the several rulings of the trial court which were reversed or affirmed are set forth in detail in the opinion of this court in 316 So.2d 589. For the purpose of the present appeal we need make only limited reference thereto.
Under a contract to purchase a shopping center from Coral Reef, the purchaser, Valenti, made a down payment of $35,000.00, which was deposited with the broker, Jerome Gross, Inc. (Gross). Under a separate contract to purchase certain unimproved adjacent land, from Percival Corporation (Percival), a $15,000.00 down payment made by Valenti likewise was deposited with said broker. The purchaser, Valenti, failed to close, and instructed the broker not to deliver the down payments to the sellers, who then filed separate actions against Valenti and Gross for declaratory judgments to determine and establish their right to obtain and retain the down payments. Other claims, counterclaims and cross claims which were involved in those actions, and the rulings thereon in the trial court and on appeal, are not material here.
The holding of the trial court that the sellers, Coral Reef and Percival, were not entitled to the down payments was reversed *2 by this court, without stating any directions to the trial court incident thereto. The trial court (Judge Testa), following remand of the cause, as a means of effecting the recovery by the sellers of the down payments which had been deposited with the broker, entered an order in which there were included separate judgments in favor of Coral Reef and Percival for the amounts of the respective down payments due them plus interest and costs. Such judgments were entered against the purchaser, Valenti, and broker, Gross, “jointly and severally”.
Thereafter Valenti filed this action against Gross alleging he had obtained a satisfaction of the above judgments by paying the amounts thereof to the sellers,[1] and alleged that Gross was liable to him (Valenti) for contribution for one-half thereof.
In granting the motion of the defendant Gross to dismiss and dismissing the complaint, the trial court (Judge Testa) stated the grounds upon which such ruling was made, as follows:
“2. Plaintiff has conceded that his claim is based upon liability between the parties as found by the Third District Court of Appeal in the case of Valenti vs. Coral Reef Shopping Center, Inc., Fla.App., 316 So.2d 589. A copy of the opinion was furnished to this Court at the hearing on Motion to Dismiss.
“3. The opinion of the District Court of Appeal, above referred to, plainly imposes no joint liability upon the Plaintiff and Defendant herein.
“4. Valenti vs. Coral Reef Shopping Center, Inc., Fla.App., 316 So.2d 589 did affirm this Court’s finding in favor of Gross and against Valenti in the Cross-claim in that case asserted by Valenti.”
The appellant Valenti argues that Gross is liable to him for contribution because of the form of the judgments entered by the court in favor of the sellers for the down payments in the prior litigation after remand. We cannot agree. The trial court in this case, in dismissing the complaint, correctly recognized that the circumstances were not such as to call for contribution by the broker. The language of the judgments entered by the trial court after remand, designating the purchaser and the broker as being jointly and severally liable to the sellers for the withheld down payments, was without basis, and may be regarded as surplusage. The down payments had been “paid” by the purchaser at the outset. The broker, as an escrow holder thereof, had no obligation other than to deliver such sums to the sellers, whom this court had held to be entitled thereto. [In the prior litigation, for a certain reason, it had been held that the broker was not entitled to any commission.] Accordingly, we hold that dismissal of the action by the trial court was not error.
Affirmed.

. The complaint does not explain how the down payment amounts, initially held by Gross, were paid over to the sellers by Valenti as he alleged. In argument here there was mention that when the sales were not consummated the down payments held by the broker were placed in an interest bearing bank account. Presumably those monies, claimed as payments by Valenti, were withdrawn and delivered to the sellers.