PER CURIAM.
Our consideration of the briefs and record convinces us that there is adequate support in the record for the trial court’s finding that appellee Paul Bouley is not liable individually to appellant.
However, we find no rational basis in the evidence for the award to appellant of $500.00 as damages. The liquidated damages provision of the lease provided for $15,000.00 as liquidated damages in the event of a breach by appellee Bomac. The money was never deposited with appellant because appellee’s check was returned for insufficient funds. However, the liquidated damage provision is not nullified by appel-lee failing to deposit the money provided therein. The amount of damages remains liquidated by the parties. The determination in the final analysis of the amount thereof should be made in accordance with the formula set forth in Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975).
Accordingly, we reverse the damages aspect of the judgment appealed from and remand the cause for a new trial on damages only.
AFFIRMED, in part; REVERSED, in part; and REMANDED, with directions.
ALDERMAN, C. J., and DOWNEY, J., concur.
CROSS, J., dissents, with opinion.