RYDER, Judge.
Pico Development Corporation, defendant/counterclaimant, appeals a final judgment in an action for breach of a condominium sales contract.
By contract executed March 18, 1973, ap-pellees agreed to purchase a condominium unit on Clearwater Beach from appellant. The contract contained a liquidated damages clause. At the time of execution of this contract, construction of the condominium project had not yet begun. Thereafter, the unit which appellees agreed to purchase was constructed and was tendered to appel-lees by appellant for closing in the latter part of 1975. The trial court found that appellant gave appellees an extension on the closing date to April 15,1976, but appel-lees never closed. Indeed, the trial court found as fact that appellees at all times were seeking to sell their interest in the contract to a third party for profit and never displayed any specific willingness or ability to proceed to closing. Subsequently, after the commencement of this action, appellant sold the unit at issue to a third party.
The instant case was filed on May 3,1977 when appellees sued for specific performance of the contract for purchase of the condominium unit or, alternatively, for the return of a $5,850.00 down payment paid by them to appellant. Appellant answered by denying liability and raising certain affirmative defenses. Appellant also filed a counterclaim for damages against appellees, alleging that it did construct the unit, but appellees failed to close, to the damage of appellant. Appellant sought to retain the deposit money paid by appellees as liquidated damages under the contract.
A nonjury trial was held. The court found the facts as stated above and, further, that appellees’ failure and/or refusal to close was without legal justification and appellant suffered damages as a result thereof. The trial court then endeavored to compute the actual damages (interest, taxes, etc.) sustained by appellant and arrived at the figure of $14,147.00, from which the court subtracted the figure of $11,387.00, representing the net profit realized by appellant be selling the condominium unit to the third party instead of to appellees, arriving at a net loss to appellant of $2,759.70.
*699 Thereupon, final judgment was entered on March 21, 1978. First, judgment was entered in favor of appellant/defendant as to appellees’ complaint. Secondly, it was adjudged that appellant should recover on its counterclaim the sum of $2,759.70 from appellees; but, since appellant had in its possession the appellees’ deposit of $5,850.00, the court directed appellant to deduct from said deposit the judgment herein awarded and refund to appellees the balance of their deposit, to wit, $3,090.30. Appellant timely appealed.
Appellant contends that the trial court erred in computing the actual damages suffered by appellant, as aforesaid, and in deducting that sum from the deposit paid by appellees to appellant. Appellant asserts that it is entitled to retain the monies, in their entirety, paid to it by appellees as deposits. We concur.
The instant case is markedly similar factually to Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975), and we find that case controlling. The Fourth District Court of Appeal succinctly summarized the law applicable herein when it stated in Bruce Builders, Inc., supra, 317 So.2d at 869:
“It is apparent from the final judgment. that the court found the appellees had breached the contract. Appellees’ breach of their agreement rendered them pur-, chasers in default. As a general rule a purchaser in default (absent exceptions which are not present in this case) cannot, recover from the seller money paid in part performance of an executory contract. Beatty v. Flannery, Fla.1950, 49 So.2d 81; Ruckelshaus v. Broward County School Board, 494 F.2d 1164 (5th Cir.1974). See also O'Neill v. Broadview, Inc., Fla.App.1959, 112 So.2d 280. Therefore, the award of the deposit to appel-lees was error even had the contract not provided for its retention by appellant as liquidated damages. Beatty v. Flannery, supra.”
Accordingly, the judgment is affirmed in part and reversed in part. While we affirm that aspect of the final judgment in favor' of appellant on appellees’ complaint, we reverse the judgment as to appellant’s counterclaim insofar as it purports to compute appellant’s actual net damages, deducts same from the appellees’ deposit held by appellant, and orders appellant to refund appellees the balance of said deposit. The trial court is directed to enter judgment in favor of appellant on its counterclaim, entitling appellant to retain the full amount of the $5,850.00 deposit paid to it by appellees.
AFFIRMED in part; REVERSED in part and REMANDED with directions.
BOARDMAN, Acting C. J., and OTT, J., concur.