DOWNEY, Chief Judge.
South Florida Regional Planning Council, hereafter SFRPC, seeks reversal of an adverse final judgment arising out of its breach of contract suit against the Board of County Commissioners of Palm Beach County.
The cause of action sued upon had its genesis in an Interlocal Agreement entered into on July 1, 1974, between Dade, Monroe, Broward and Palm Beach Counties. Said counties joined together to form the SFRPC pursuant to Section 163.01, Florida Statutes (1969) the purpose of which was:
a. To provide local governments with a means of exercising the rights, duties and powers of a Regional Planning Agency as defined in Chapters 23, 163, and 380 of the Florida Statutes, including those functions enumerated hereinabove by preambles, and other applicable Florida, Federal and Local law.
b. To provide a means for conducting the comprehensive regional planning process.
c. To provide regional coordination for the members of the Council.
d. To exchange, interchange, and review the various programs of the individual members which are of the regional concern.
e. To promote communication among members and the identification and resolution of common regional-scale problems.
f. To cooperate with Federal, State, Local and non-governmental agencies and citizens to insure the orderly and harmonious coordination of State, Federal, and Local planning and development programs in order to assure the orderly, economic, and balanced growth and development of the Region, consistent with the protection of the natural resources and environment of the Region and to protect the health, safety, welfare and quality of life of the residents of the Region.
Although the district contemplated to be affected by the Council’s planning activities also included Martin and St. Lucie counties, these counties never saw fit to join in the Interlocal Agreement.
Among the planning activities which the Council engaged in were the following: review of developments of regional impact, nominations for Areas of Critical State Concern, review of proposed federally funded projects, review of applications for Army Corp. of Engineer Dredge and Fill Permits *1144 and Subdivision Feasibility Studies. In addition, the SFRPC published a Coastal Zone Management Study and numerous other reports.
The operating budget of the SFRPC is derived from membership assessments, legislative appropriations, grants and matching funds from the state and federal governments, and charges for various services. The annual membership assessment, however, is the basic source of operating revenue, as legislative appropriations vary yearly, grants and matching funds span fiscal periods and fluctuate, and the various service charges are insubstantial.
The Council, which is made up of elected governmental officials (three County Commissioners and two Municipal Councilmen from Palm Beach County), adopted its 1976 Work Program and budget. However, on June 24, 1975 appellee adopted a resolution withdrawing from the Council, effective July 1, 1975. Although the Interlocal Agreement provided that membership could be terminated only by resolution of the members’ governing body upon giving twelve months written notice (all contractual obligations to continue until the effective date of the withdrawal), appellee notified SFRPC of its resolution to withdraw effective July 1, 1975 and refused to pay the membership fee for the ensuing year. This suit was commenced to recover that annual membership fee.
After a non-jury trial, the court entered a comprehensive final judgment containing findings of fact and conclusions of law. Among those findings and conclusions the court found the appellee had violated the Interlocal Agreement of 1974 by terminating its membership without proper notice and non-payment of dues in the amount of approximately $25,000. However, the court found that as a result of the Council’s budget revision, the Council sustained no actual damage other than a loss of prestige due to appellee’s withdrawal. Therefore the trial court concluded that the annual dues of $25,000 bore no reasonable relationship to the cost incurred by the Council in disassociating appellee. Thus the provision requiring that amount to be paid was a penalty and to insist upon such a payment under those circumstances would be unconscionable. Having found that the stipulated damage of one year’s membership fee was a penalty, the trial court concluded SFRPC must prove its actual damages in order to recover. But the proof showed th"at the Council had so mitigated its damages that no recoverable damage was demonstrated. Accordingly, judgment for $1.00 was entered for appellant.
As we view this case the ultimate conclusion of the trial court is correct. However, we disagree with the finding and conclusion that the provision for payment of the membership fee constitutes a penalty. First of all, we do not see the provision in question as one providing, for damages. On the contrary it is couched in terms of minimum notice of termination of membership and it requires a member to continue paying dues until its membership is terminated. Secondly, if it were a provision for damages, it does not appear to be a penalty because the damages flowing from a breach of the contract were hardly ascertainable on the date thereof. As this court pointed out in Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975), a disparity between the damages sustained and the amount provided for in the contract is not the test. Rather, the test is “whether or not the damages flowing from a breach are readily ascertainable at the time the contract is executed.” Supra 869. If the damages are readily ascertainable on the contract date, the provision is a penalty, if not it is one for liquidated damages.
The Bruce Builders, supra, opinion went on to point out that, if the subsequent circumstances demonstrate that it would be unconscionable to allow the person claiming damages to retain or recover the amount provided in the contract, equity may relieve the party charged with the breach.
The finding of unconscionability in the final judgment is adequately supported in the record because of the great disparity between the amount of the annual dues claimed and the paucity of injury or dam *1145 age resulting to SFRPC from the breach in question. Thus, “the subsequent circumstances” envisioned in Bruce Builders, supra, justifies the conclusion reached in the final judgment.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.
BERANEK, J., concurs.
LETTS, J., dissents with opinion.