BERANEK, Judge.
Appellants/defendants seek reversal of a final judgment entered after a jury verdict. Appellee/plaintiff sued defendants alleging that plaintiff and defendants had been parties to a real estate contract. Plaintiff was the prospective buyer and defendants the *748 sellers. Plaintiff intended to build a bank on the real estate and had an application pending before state agencies for approval of the bank charter. The parties entered into a contract whereby defendants agreed to sell plaintiff approximately eight acres of choice real estate. The contract was signed providing for a closing date approximately one year from the date of the contract with a $20,000 deposit. The bank charter application was delayed and as the end of the one-year contract period approached, plaintiff sought an extension from defendants. Defendants were not desirous of giving the extension but finally agreed to do so. In return for a five-month extension an additional $70,000 deposit was made by plaintiff and the overall purchase price of the property was increased. The final contract between the parties clearly provided the entire $90,000 was to be forfeited by plaintiff and kept by defendants as liquidated damages in the event the property was not bought by plaintiff. Eventually, the bank charter application was denied and the entire project was abandoned.
Plaintiff filed suit asserting the $90,000 was actually a penalty and unenforceable. Defendants answered relying upon the liquidated damage provision of the contract as being valid and enforceable. Defendants denied the $90,000 was a penalty. For unknown reasons, this case was tried before a jury. Although the case was more properly a matter for consideration by the court alone, no one objected. The jury eventually returned a verdict in favor of the plaintiff for $30,000.
It was not clear exactly what issues the jury determined. From our review of the complete record, it appears the court found as a matter of law that the contract provision was a penalty and so instructed the jury. The court reached this conclusion based upon Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972). Both plaintiff and defendants moved for directed verdict and although the trial court indicated that it was denying both motions, it did in fact grant at least a partial directed verdict in favor' of the plaintiff by instructing the jury that the liquidated damages provision of the contract was in fact a penalty and unenforceable. Although defendants did riot have a counterclaim for actual damages, the trial court instructed the jury that the actual damages sustained by the vendor were recoverable.
We conclude that the trial court erred in entering a directed verdict in favor of the plaintiff. Under Hutchinson v. Tompkins, supra, this was an enforceable liquidated damages provision in a real estate contract. In Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975), this Court stated as follows:
If the damages are ascertainable on the date of the contract, the clause is a penalty and unenforceable; if they are not so ascertainable, the clause is truly one for liquidated damages and enforceable; however, if subsequent circumstances demonstrate it would be unconscionable to allow the seller to retain the sum in question as liquidated damages, equity may relieve against the forfeiture.
Here the damages as to the vendor were not ascertainable at the time the contract was signed and in accordance with Hutchison v. Tompkins, supra, and Bruce Builders, Inc. v. Goodwin, supra, the clause should have been considered as one for liquidated damages. The trial court ruled directly to the contrary and in so doing committed error. Once again the case is rather perplexing because unconscionability of a contract provision is purely a matter within the equity prerogative of a court sitting without a jury.
We conclude that the trial court erred in granting the partial directed verdict in plaintiff’s favor. Pursuant to this ruling, the court erroneously instructed the jury as a matter of law that the contract provision was not a liquidated damages clause but was instead an unenforceable penalty. The jury verdict based on the partial directed verdict was thus improper as was the judgment entered thereon.
The final judgment is vacated and the cause is remanded with directions for the *749 trial court to enter an order finding the contract provision to be for liquidated damages and to take further testimony if necessary without a jury to determine the issue of unconscionability and enter judgment against defendant for such sums as are found to be unconscionable, if any. This opinion should not be construed as a ruling on unconscionability as we do not reach this issue.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
LETTS, C. J., dissents with opinion.