417 So.2d 315 (1982)
James W. HOOPER and Gertrude K. Hooper, Individually and D/B/a James W. Hooper & Gertrude K. Hooper Partnership, and James A. Hooper, Managing Trustee, Appellants/Cross-Appellees,
v.
William E. BRENEMAN, Jr., Clarence Jones, Hugh Mockler, Fred Leiser, William Barnett, Helen Chandler and Marie Gillen, Individually, and As General Partnership, d/b/a Brevard Weiner Franchise # 4, Appellees/Cross-Appellants.
No. 81-1186.
District Court of Appeal of Florida, Fifth District.
July 28, 1982.
*316 Charles Holcomb of Holcomb, Theriac & Steinberg, Merritt Island, for appellants.
Joseph S. Gillin, Jr. of Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a final judgment whereby appellees were permitted to recover $20,000 which they had deposited with appellants as part of a land sales contract.
Appellee Breneman on behalf of himself and the other appellees had filed suit against appellants seeking specific performance of the contract or, in the alternative, damages for the alleged breach of their agreement to sell. Appellees cross appeal the portion of the final judgment denying specific performance. The contract between appellants and Breneman was executed on April 17, 1979, and provided that the purchase price of $150,000 was to be paid by Breneman as follows: $20,000 deposited upon execution of the contract, $10,000 by April 27, 1979, and the remaining $120,000 due upon closing on May 2, 1979. Breneman also had the right to extend the closing date from month to month for a period of twelve months, provided that he pay $1,125 for each month's extension and a pro rata share of the real estate taxes.
The contract further provided that:
[S]hould [Breneman] fail to pay such extension fees and taxes monthly during any extension time of this contract he shall forfeit all monies paid to [the Hoopers] *317 under this Contract and this Contract shall be null and void.
Breneman failed to make the $10,000 payment due on April 27, 1979, or the monthly extension fee payable on July 2, 1979. On July 13, Breneman brought a check to Mr. Hooper postdated to July 20 and advised that insufficient funds were in the account but promised that he would make it good by July 20.
Hooper heard nothing from Breneman through July 21. On that date he instructed his attorney to write a letter cancelling the contract. The letter was sent by certified mail but Breneman failed to pick it up despite notification from postal authorities. On July 27, Breneman deposited $12,000 in his account and left a check at Hooper's office for $11,170.49 to cover the amounts past due. On August 10, appellants' attorney returned the check and informed Breneman that the contract was void. On August 24, Breneman again tendered a check for $11,170.49 plus $1,170.49 (the extension fee due August 2) and suggested a closing date thirty days later. Breneman admitted at trial that insufficient funds existed in his account to cover this check. The check was also rejected by Hooper.
The court found that the elements of Breneman's claim for specific performance were not proven by the evidence. The court also found, however, that a forfeiture of the $20,000 deposit to appellants shocked the judicial conscience of the court and awarded Breneman a judgment for $20,000.
We affirm the trial court's denial of specific performance. There was competent and substantial evidence to support a finding that Breneman had repeatedly breached the terms of the agreement.
The only remaining question is whether the trial court correctly found that subsequent circumstances established that it would be unconscionable to allow appellants to retain the $20,000 as liquidated damages. Paragraph G of the contract specifically recognizes that the $20,000 deposit may be retained to compensate appellants for damages suffered on account of a default by Breneman:
DEFAULT BY BUYER: If the buyer fails to perform any of the covenants of this contract within the time specified, the deposit this date paid by the buyer aforesaid may be retained by or for the account of the seller as consideration for the execution of this contract and in full settlement of any claims for damages and all parties shall be relieved of all obligations under the contract, and each party shall execute a separate release of the other party at this time; or the seller, at his option, may proceed at law or in equity to enforce his legal rights under this contract, including, but not limited to, the right to bring a suit for specific performance.
There is little doubt but that this is a valid liquidated damages provision since the damages flowing from a breach of the contract were not readily ascertainable at the time the contract was executed. See Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972); Valenti v. Coral Reef Shopping Center, Inc., 316 So.2d 589 (Fla. 3d DCA 1975). Even so, as recognized in Hutchison, equity may relieve against a forfeiture if it appears unconscionable in light of the circumstances existing at the time of breach. Hutchison, 259 So.2d at 132.
One of the factors in determining unconscionability is the amount of money being retained vis a vis the total contract price. McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980); Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975). In Bruce Builders, the Fourth District noted that:
[I]n Beatty v. Flannery, [49 So.2d 81 (Fla. 1950)], retention of a $3,000 deposit on a $30,000 contract created no pangs. And in O'Neill v. Broadview, Inc., [112 So.2d 280 (Fla. 2d DCA 1959)] forfeiture of a $1,500 deposit on a $10,440 contract could be tolerated. However, in Hook v. Bomar, 320 F.2d 536 (5th Cir.1968), loss of a $30,000 deposit on a $95,000 contract was found unconscionable. In the case at bar, the contract was for $73,800, and the deposit [$7,200] was only slightly more *318 than 4% of that sum. Thus, based upon precedent the amount is not shocking to `the court's conscience.'
317 So.2d at 870.
In McNorton, this court held that retention of fifty percent of the purchase price paid as a deposit was sufficiently shocking to state a cause of action for its recovery. 387 So.2d at 397. Here, however, the deposit of $20,000 amounts to only 13.3% of the total purchase price.
Under the circumstances of this case, we cannot agree that the forfeiture was unconscionable. Appellant's property was kept off the market from April through August, 1979. Hutchinson, 259 So.2d at 132. Breneman was acting as a general partner for a limited partnership and was undoubtedly a knowledgeable and experienced businessman. There is nothing in the record to reflect that appellants overreached or in any way misled Breneman regarding the transaction.
Therefore, we conclude that the trial court erred in requiring appellants to restore the entire deposit to the defaulting buyers and REVERSE the award.
AFFIRMED in part and REVERSED in part.
ORFINGER, C.J., and COWART, J., concur.