FERGUSON, Judge.
Appellant/purchaser, suing for return of a deposit on a contract containing a provision for forfeiture in the event of breach, demonstrated by pleading and affidavit that (1) his default resulted from an unfortunate inability to perform, (2) the size of the deposit and other contributions which were subject to the forfeiture were large (13%) when compared to the amount of the contract, and (3) the sellers resold the property within ninety days after default for $23,000 more than the contract price. The trial court held that the deposit forfeiture clause was valid, however, that determination was not dispositive of the case.
Even though appellee has established that the contract, as a matter of law, contains an enforceable liquidated damages clause, there still remains a disputed question of fact as to whether circumstances subsequent to the default demonstrate that it would be unconscionable to allow the seller to retain, as liquidated damages, all the deposit and “extras” added to the house while under construction. See Hutchinson v. Tompkins, 259 So.2d 129 (Fla.1972); Hyman v. Cohen, 73 So.2d 393 (Fla.1954); McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980); Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975). Summary judgment was, therefore, inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Affirmed in part, reversed in part and remanded for further proceedings.