PER CURIAM.
The contractor/appellant, Barile Excavating & Pipeline Co., Inc., filed a complaint against the owner/appellee, Kendall Properties, Inc., and Reliance Insurance Company to foreclose a mechanic’s lien on the owner’s property. The owner answered and counterclaimed, alleging that the contractor breached the contract and did not complete the work. The counterclaim sought damages for added costs incurred in the completion of the project. The trial court found the contractor had not substantially completed the job, dismissed the mechanic’s lien action, and found for the owner on its counterclaim for damages.
The court awarded the owner the sum of $22,050.80 “as actual or estimated damages plus the sum of $7,450.00 as liquidated damages for delay under the contract.”
The first issue raised by the appellant was whether the owner proved its damages by competent and legally sufficient evidence. The trial court concluded that the contractor had failed to properly perform its contractual responsibilities in regard to grading, shoulder stabilization, installation of sidewalks and driveways, utility hookups, and furnishing of “as built” drawings. In all, some 14 specific items had to be completed by the owner. The evidence in support of the owner’s claims on the 14 items was based primarily on estimates as to the cost of completion rather than the actual cost of completion. The damages allowable for a breached construction contract are discussed in the Supreme Court’s Grossman Holdings Limited v. Hourihan, 414 So.2d 1037 (Fla.1982), decision. There, the court adopted Subsection 346(l)(a) of The Restatement of Contracts and concluded that the measure of damages for an unfinished construction contract is the reasonable cost of construction and completion in accordance with the contract, if this is possible and not productive of unreasonable economic waste. Here, it is obvious that the owner had already completed a substantial portion of the work which the contractor had failed to perform. Since these actual cost figures were available, we conclude that error occurred when the trial court based its judgment on the estimated cost of completion. The court’s judgment is phrased in terms of “actual or estimated” damages, but the evidence received was primarily based on estimates.
In addition to the above, we find that clear error occurred as to the $15,-242.00 item for the installation of 16 driveway approaches. The trial court concluded that these driveway approaches were the responsibility of the contractor and the *1131 damage evidence offered related to construction of concrete driveways. The court also found that the contract did not require concrete driveways. It was thus error to award damages based on concrete installations rather than asphalt installations, which were substantially cheaper. In view of the error as to estimates rather than actual expenditures and the inconsistent findings as to the concrete driveways, we conclude that a new trial on damages is warranted. We affirm the trial court’s finding as to substantial completion and as to liquidated damages and remand the matter for a new trial as to actual damages.
ANSTEAD, C.J., BERANEK, J., and C0-CALIS, PATRICIA W., Associate Judge, concur.