465 So.2d 1264 (1985)
Ernst BERNDT and Emy Berndt, Appellants,
v.
Harry BIEBERSTEIN and Hypocorp-Commerce, Inc., Appellees.
No. 84-713.
District Court of Appeal of Florida, Second District.
February 20, 1985.
Rehearing Denied March 25, 1985.
Earnest W. Dean, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Tara L. Miller, Naples, for appellees.
SCHEB, Acting Chief Judge.
Ernst and Emy Berndt appeal a final judgment finding them liable for breach of contract and awarding Harry Bieberstein $57,916.04 plus interest as liquidated damages under a contract to purchase a condominium unit. We affirm the final judgment finding in favor of Bieberstein but reverse the amount of damages awarded, because we find the amount of liquidated damages to be unconscionable.
On November 29, 1978, the Berndts signed an agreement to purchase a condominium *1265 unit from Bieberstein for $105,000. The contract provided that the Berndts would pay an initial deposit of $10,000. An additional stipulation in the contract required the following:
Buyer to pay to Hypocorp-Commerce Inc. Escrow Account, Dollar 8,000.00 per month, to be held in escrow, beginning January 1, 1979 and every 30 days (on the 1st of each month) thereafter up to May 1, 1979, totalling 40,000.00. Balance due in cash at closing, on July 2nd, 1979.
A dispute subsequently arose between the parties and the transaction was never closed. Bieberstein wanted  and the contract provided for  an all cash closing, but the Berndts stated that they only agreed to purchase with the understanding that they would be allowed to assume an existing mortgage on the unit. When it became apparent that the Berndts could not close on an all cash basis, Bieberstein sent them a letter on January 24, 1980, stating that he wanted to invoke paragraph 19 of the contract which provided that all deposits made by the buyers would be paid to the seller as liquidated damages.
The Berndts then filed suit against Bieberstein seeking specific performance or rescission on the basis of mutual mistake as to the terms of the agreement. Bieberstein filed a counterclaim alleging that the Berndts refused to close pursuant to the terms of the contract and demanding that all deposits made by the buyers be paid to him as liquidated damages. Following a nonjury trial, the court entered its final judgment in favor of Bieberstein and this appeal ensued.
The Berndts raise several points on appeal but the only one that has merit is their contention that the liquidated damage award is excessive. The contract provision relied on by Bieberstein as the basis for liquidated damages states:
19. Time and Binding Contract: Time is of the essence. Seller's acceptance of this offer shall constitute a binding contract for the purchase and sale of the above described property. If Buyer does not carry out the terms of this agreement, all deposits made shall be paid to the Seller as liquidated damages, or the Seller may elect to sue for a specific performance and/or damages.
(Emphasis supplied.)
The enforceability of this provision depends in part on whether it is truly one for liquidated damages or is a penalty. That depends on whether or not the damages flowing from the breach in the present case were readily ascertainable at the time the contract was executed. The rule enunciated by the Florida Supreme Court in Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972), is that if damages are ascertainable on the date of the contract, the clause is a penalty and unenforceable; but if they are not so ascertainable, the clause is for liquidated damages and enforceable. It is clear that in this instance, as is the case in real estate contracts generally, damages were not readily ascertainable at the time the contract was entered into.
Notwithstanding the facial validity of the liquidated damage clause, if circumstances demonstrate that it would be unconscionable to allow the seller to retain the sum in question as liquidated damages, equity may relieve against the forfeiture. Hutchison; Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975). Thus, the crucial question in this case is whether it was unconscionable to allow Bieberstein to retain all the deposits made by Berndt, which amounted to approximately 55% of the purchase price of the property.
One significant factor in determining unconscionability is the amount of money being retained vis-a-vis the total contract price. Hooper v. Breneman, 417 So.2d 315 (Fla. 5th DCA 1982). In Bruce Builders, the Fourth District looked at precedent to see what traditionally has shocked "the court's conscience." The court noted:
[I]n Beatty v. Flannery, [49 So.2d 81 (Fla. 1950)], retention of a $3,000 deposit on a $30,000 contract created no pangs. And in O'Neill v. Broadview, Inc., [112 So.2d 280 *1266 (Fla. 2d DCA 1959)], forfeiture of a $1,500 deposit on a $10,440 contract could be tolerated. However, in Hook v. Bomar, 320 F.2d 536 [(5th Cir.1963)], loss of a $30,000 deposit on a $95,000 contract was found unconscionable. In the case at bar the contract was for $173,800, and the deposit [$7,200] was only slightly more than 4% of that sum. Thus, based upon precedent the amount is not shocking to "the court's conscience."
317 So.2d at 870. See also McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980), petition for review denied, 392 So.2d 1377 (Fla. 1981) (retention of fifty percent of the purchase price paid as a deposit was sufficiently shocking to state a cause of action for its recovery).
In the present case the Berndts deposited an initial amount of $10,000. While this would appear to have been a reasonable amount subject to forfeiture under paragraph 19, the seller's reservation to retain this amount plus all subsequent deposits by the Berndts made the forfeiture provision unreasonable. Bieberstein ended up retaining over fifty-five percent of the purchase price which had been deposited by the buyer. We hold that under these circumstances the forfeiture was unconscionable.
Accordingly, we reverse the award of damages and remand with directions for the trial court to entertain further pleadings and proof as to the actual damages sustained by Bieberstein and enter judgment in that amount. See Secrist v. National Service Industries, Inc., 395 So.2d 1280 (Fla. 2d DCA 1981); South Florida Regional Planning Council v. Board of County Commissioners of Palm Beach County, 372 So.2d 1142 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 761 (Fla. 1980).
Affirmed in part, reversed in part and remanded.
SCHOONOVER, J., and BENTLEY, E. RANDOLPH, Associate Judge, concur.