GLICKSTEIN, Judge,
dissenting.
The majority has affirmed the trial court’s decision, following a jury verdict, by which the sellers retain deposits of $49,-500 on a real estate purchase price of $225,-000, without proof in the record of damages to justify retention of such large amount.
Absent initially from consideration by the lawyers — thus the trial court — were the still prevailing principles of Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972). I say “still prevailing” because I am not referring to the loose language in Hutchison which this court repeated in Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975), and which I shall discuss below.
Hutchison points out the following:
1. In Florida, the land sale market fluctuates from year to year and season to *342 season, making it generally impossible to determine at the time of contract what the seller’s loss will be if the buyer defaults. If values go up, where is the damage? I assume no difference — for the application of this principle — in raw land and an apartment building, the latter of which is involved here. Such uncertainties, for example, surely could jeopardize a developer obligated upon a mortgage on unrented or unsold apartments more than a landowner obligated only for taxes on unimproved land.
2.The damages not being ascertainable at the time of contract, equity will relieve against the forfeiture if it appears unconscionable, reviewing all of the circumstances at the time of breach.
I say such precepts were absent from consideration “initially,” because the action began with an interpleader by the lawyer who was holding the $49,500. The sellers answered, and cross-claimed against the buyer for their alleged default and the stipulated liquidated damages of $49,500; and they requested a jury trial. The buyer then cross-claimed against the sellers, alleging default. There was no plea for alternative relief in the form of relief from a forfeiture.
However, the lawyers for the sellers and buyer signed a pre-trial stipulation which informed the trial court of the four issues:
1. Whether the buyer defaulted.
2. Whether the sellers defaulted.
3. Damages
4. If the buyer defaulted, whether the sellers were entitled to retain the $49,500 as liquidated damages.
At trial, the lawyers unfortunately discussed the loose language in Hutchison and Bruce which was not only inaccurate but inappropriate to this case. That language’s essence is that if damages are readily ascertainable, the stipulated sum will be considered as a penalty. Omitted from such incomplete statement is the fact that the stipulated sum must also be disproportionate to the actual damages. The correct statement of the law appears in North Beach Investments, Inc. v. Sheikew-itz, 63 So.2d 498, 499 (Fla.1953):
This Court is committed to the doctrine that when the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Such being the case, the corollary of the rule should be true, that is, that when the actual damages cannot be susceptible of ascertainment by some known rule or pecuniary standard under reasonable circumstances, the stipulated amount should be regarded as liquidated damages, and the parties should be bound by their covenants and the contract so made. The prime factor in determining whether such sum is a penalty or a forfeiture is whether the sum named is just compensation for damages resulting from the breach.
(Emphasis added).
The record shows that the buyer’s lawyer at trial tried to convince the trial court that the issue of damages was for the court to decide, not the jury, i.e. whether the $49,500 was unconscionable. The trial court said it was “all or nothing” for sellers or buyer.
The buyer’s lawyer recited the incomplete language from Bruce — when the damages are ascertainable, but omitting the question of proportionateness of the liquidated damages to the damages actually sustained. The language recited was clearly inappropriate to this case.
Who suffers from all of this confusion? Justice, perhaps. The sellers here may well have been unjustly enriched. There is no evidence of damages of a magnitude that might justify their keeping $49,500. Even if the buyer failed to produce proof of no loss in value of the property, there was proof of relatively little loss of income by the sellers.
I would reverse and remand for retrial on the question of damages, given the con *343 fusion in the law created by the incomplete language in Hutchison and Bruce.