532 So.2d 23 (1988)
T.A.S. HEAVY EQUIPMENT, INC., Appellant/Cross Appellee,
v.
DELINT, INC., a Foreign Corporation Doing Business in Florida, Ocean Properties, Ltd., a Foreign Corporation Doing Business in Florida, and Mark Walsh, Appellees/Cross Appellants.
No. 87-1424.
District Court of Appeal of Florida, Fourth District.
September 7, 1988.
On Petition for Rehearing October 26, 1988.
*24 F. Kendall Slinkman, Slinkman & Thillman, P.A., West Palm Beach, for appellant/cross appellee.
James B. Putney of Honigman Miller Schwartz and Cohn, West Palm Beach, for appellees/cross appellants.
DOWNEY, Judge.
This is a timely appeal from a final judgment awarding appellees cost-of-completion damages for breach of a contract to clear land. Appellees have also filed a cross appeal from the final judgment alleging that the trial court erred in calculating the damages and in denying their request for attorney's fees.
Appellant, T.A.S. Heavy Equipment, Inc. (T.A.S.), is engaged in the business of clearing land and performing excavation work. The appellees, Delint, Inc., Ocean Properties, Ltd., and Mark Walsh (Delint), are the owners and developers of a large tract of land located in Palm Beach County, Florida. By contract dated June 5, 1985, T.A.S. was retained to clear the land. The contract called for the clearing of approximately eighty-five acres of land within a ten-week period. Delint agreed to pay appellant $1,000 for each acre that was cleared and debris removed. The contract expressly excluded therefrom all work in connection with a house and other farm buildings located at the extreme northern end of the property.
The contract further provided that time was of the essence and that if it became apparent to Delint that T.A.S. was not making adequate progress toward completion Delint could terminate the contract on certain conditions. Specifically, in this regard paragraph three of the contract provides:
It is understood that time is of the essence and that contractor will complete work in 6 weeks [the final agreement actually was 10 weeks] or less allowing for normal weather conditions. If during the course of the contract it becomes reasonably apparent to the owner that the contractor is not making progress fast enough to complete his work within said 6 week time period, then owner may terminate this agreement on three working days written notice to contractor. Notice to the parties shall be deemed given if in writing and hand delivered or mailed certified mail, postage prepaid, return receipt requested at the address given on Page 1. In which case contractor will be paid for 75% of work performed as a total final payment. This payment will be made as per the terms of the agreement and is merely an equitable payment to show good faith subsequent to a positive effort by contractor to complete on time. Failure to perform for any deliberate reason such as intentionally slowing down to void the contract and benefit from payment (of 75% rate under this paragraph) renders contractor liable as if default were for any other reason for failure to perform. For purposes of determining value of work performed for monthly payments or in case of termination the following method of valuation shall be used:
1.) Trees fully cleared and finished with all material moved off site including roots  payment in full  partially complete with all material not removed  no payment.
2.) From aerial photos it is apparent that approximately 35% of the site is not solidly treed, with 65% nearly "impenetrable." Impenetrable areas will have twice the price value as other areas (this formula for incomplete value purposes only).
*25 The work proceeded slowly and appellees terminated the contract on September 19, 1985. Appellees' termination was based on appellant's failure to timely perform and for making misrepresentations regarding payments to subcontractors, as the trial court found in its final judgment. On the date of termination T.A.S. had received from Delint payments totalling $54,000. Delint then hired two companies, Devcon International and ABC Destructors to complete the clearing and removal work.
T.A.S. brought this action against Delint for, among other things, foreclosure of a mechanic's lien and breach of contract. Delint counterclaimed for breach of contract. The trial court entered its final judgment on May 18, 1987 in favor of Delint on the counterclaim awarding them damages of $19,000 and denying T.A.S.'s complaint to foreclose its mechanic's lien.
Among other things the judgment found that Delint was justified in terminating the contract because the progress of the work was too slow and because T.A.S. had misrepresented the status of payments to its subcontractors. Finally, the court concluded that paragraph three of the contract, providing for the amount due upon termination by Delint, was in the nature of a penalty and was confusing and thus unenforceable requiring the court to resort to the common law rule applicable to a breach of a contract of this nature, i.e., reasonable cost of completion in accordance with the contract. Barile Excavating & Pipeline Co. v. Kendall Properties, Inc., 462 So.2d 1129 (Fla. 4th DCA 1984).
On appeal T.A.S. contends the trial court erred in (1) refusing to apply the formula provided in the contract to award damages, and (2) in calculating the actual cost to complete in using the common law measure of damages. Delint contends the court was correct in resorting to the common law measure of damages but erred in calculating the amount due Delint and in failing to award Delint attorney's fees as the prevailing party on T.A.S's mechanics lien foreclosure claim.
Whether a sum stipulated to be paid in the event of a breach will be considered as a penalty or liquidated damages is a question of law for the court. Nicholas v. Miami Burglar Alarm Co., 266 So.2d 64 (Fla. 3d DCA 1972). Furthermore, where it is doubtful whether a contract provision constitutes a penalty or liquidated damages the tendency of the courts is to construe a provision for payment of an arbitrary sum a penalty rather than one for liquidated damages. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954). In making this determination the courts will usually consider (1) the reasonableness of the provision, (2) the certainty of establishing actual damages, and (3) the intent of the parties. Refram v. Porter, 343 So.2d 1343 (Fla. 2d DCA 1977). In the final analysis the test is whether the damages flowing from the breach are readily ascertainable at the time the contract is executed. South Florida Regional Planning Council v. Board of County Commissioners of Palm Beach County, 372 So.2d 1142 (Fla. 4th DCA 1979).
In the instant case, the language of the termination clause reflects the intent of the parties that a penalty be imposed upon T.A.S. in the event of its breach by not being paid for the full amount of the work actually performed. Additionally, in the instant contract, the damages were always ascertainable under the common law rule as the reasonable cost to complete the job as set forth in the contract. Therefore, it appears that the trial court properly determined the clause to be a penalty and its decision to award actual damages rather than to employ the formula contained in the clause should be upheld.
The court having concluded that the measure of damages was the reasonable cost of completion, evidence was adduced by the parties to make that determination. The court found from the evidence that the cost to complete the contract was $11,000 to ABC Destructors for removal and burning of the debris and $67,000 to Devcon. However, the latter figure includes Devcon's charges for work excluded from the original contract which involved removal of a house, barn, concrete pads and an asphalt driveway. In that regard the court deducted *26 $8,000 for the cost to remove the house but failed to reduce the amount paid Devcon for the other excluded items. The total amount assessed against T.A.S. for the cost of completion was therefore erroneous requiring a new trial on damages only.
Accordingly, the judgment for Delint on T.A.S.'s complaint to foreclose its lien claim is affirmed and the judgment for Delint finding T.A.S. liable on the counterclaim is also affirmed. However, the amount of damages awarded Delint is reversed for a new trial on damages only.
In entering judgment on remand the trial court should determine and award to Delint a reasonable attorney's fee as the prevailing party for the successful defense of T.A.S.'s complaint to foreclose a mechanic's lien under chapter 713, Florida Statutes (1987). Winnie v. Buckhalter, 362 So.2d 1014 (Fla. 1st DCA 1978). We also award Delint an attorney's fee for the defense of that aspect of this appeal and remand for determination of the amount by the trial court.
AFFIRMED IN PART AND REVERSED IN PART.
WALDEN and GUNTHER, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The petition for rehearing filed by appellant, T.A.S. Heavy Equipment, Inc., is granted to the extent of clarifying this court's opinion of September 7, 1988, regarding the question of damages to be determined on remand.
As indicated in the foregoing opinion, the only fault found with the judgment was that the trial court found that the amount of $67,000 paid to Devcon was erroneous because, in part, that sum included costs attributable to items of work specifically excluded from appellant's contract. Thus, it was necessary to order a new trial on damages to enable the trial court to determine the proper reasonable amount to be allowed for the work Devcon performed in accordance with the contract.
In reconsidering the amount of damages the trial court may consider the admissible evidence already presented and take such additional evidence as it deems appropriate to reach a proper decision in the case.
In all other respects the petition for rehearing is denied.
DOWNEY, WALDEN and GUNTHER, JJ., concur.