611 So.2d 1358 (1993)
OUTRIGGER RESORT CORPORATION, a Delaware Corporation, and James T. Metz, Appellants,
v.
L & E CORPORATION, a Florida corporation, and Thomas J. Donnelly and Roland Merrell, as Trustees of the Ralph Evinrude Revocable Trust of 1981, f/b/o Francis L. Evinrude, Appellees.
No. 91-2914.
District Court of Appeal of Florida, Fourth District.
January 20, 1993.
George P. Ord of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellants.
Margaret L. Cooper and Scott L. McMullen of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellees.
*1359 STONE, Judge.
This litigation involves multiple contract disputes and tort claims arising out of a failed but partially performed joint venture. The joint venture involved the purchase and sale of real properties and other transactions between the sellers, buyers, and related entities. Several issues are raised as to both liability and damages. However, we find reversible error only as to one issue.
The jury awarded $996,000 out of several million in claimed damages. Included in this award were breach of contract damages in favor of the L & E in its capacity as seller of a portion of the property involved. The contract on the sale of the property contained a clause which provided:
should the Buyer fail to perform this Agreement, the earnest money shall be retained by Seller, and Seller shall in addition be entitled to pursue any remedies available at law, including specific performance. The earnest money shall be retained by Seller as partial compensation for execution of this Agreement, and withdrawing the Property from the market in contemplation of the sale to Buyer.
The seller retained the $250,000.00 deposit on the property.
The trial court permitted the seller to retain the deposit money and additionally permitted the seller to recover damages for the full extent of its loss. It was error not to instruct the jury to reduce the damages by the deposit amount. Lefemine v. Baron, 573 So.2d 326 (Fla. 1991); Stenor, Inc. v. Lester, 58 So.2d 673 (Fla. 1951); Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975).
The Appellees do not argue that the deposit should be retainable as liquidated damages. Rather, they claim a contract right to the deposit plus all breach of contract losses in full. However, similar reasoning was deemed unacceptable in Lefemine. To allow the seller to retain the deposit and to fully recover is a clear penalty.
As to all other issues raised, we affirm. Therefore, the judgment is reversed in part and remanded for entry of an amended judgment.
GLICKSTEIN, C.J. and DELL, J., concur.