505 So.2d 646 (1987)
William K. PARRISH and Virginia L. Parrish, Appellants,
v.
Thomas E. DOUGHERTY, Jr., and Margaret H. Dougherty, Appellees.
No. BQ-45.
District Court of Appeal of Florida, First District.
April 15, 1987.
*647 Jackson G. Beatty, Tallahassee, for appellants.
Bonnie K. Roberts, Bonifay, for appellees.
ZEHMER, Judge.
William and Virginia Parrish appeal a final judgment finding them liable for breach of contract and awarding appellees liquidated and actual damages. Appellants raise three points: (1) whether the judgment must be reversed because the trial proceeded without an order setting the case for trial, a violation of rule 1.440(c), Florida Rules of Civil Procedure; (2) whether the evidence was sufficient to hold Virginia Parrish, who did not sign the contract, liable to appellees for the alleged breach; and (3) whether it was error to award both liquidated and actual damages for the same injury. We affirm on the first two points, but reverse on the third.
On April 22, 1985, William Parrish executed a contract with appellees, Thomas and Margaret Dougherty, for sale of the Parrish home. The contract provided that the sale was contingent on the Doughertys selling their house in Orlando within forty-five days, and on the Parrishes obtaining eleven percent financing on their house. If the Doughertys failed to sell their home in Orlando within forty-five days, the contract provided that their $5,000 binder would be returned to them or the contract would be renegotiated. The contract also provided for liquidated damages of ten percent of the purchase price in the event of a breach by either party.
*648 The Doughertys were unable to sell their home within the forty-five day period, and the Parrishes were unable to obtain the desired financing. The parties then tried to renegotiate the contract. The negotiations broke down and in September 1985 the Doughertys asked the Parrishes to return their binder. The Parrishes refused, claiming that the contract had been renegotiated and that the Doughertys were breaching the renegotiated contract.
The Doughertys brought suit, claiming that the Parrishes had breached the contract by failing to arrange financing for the sale and failing to return their binder. The suit claimed liquidated damages and requested the return of the binder.
The case was set for trial by the Doughertys' attorney, who scheduled the final hearing on the judge's calendar and then served a notice of final hearing on defendants' counsel. The trial judge did not issue an order fixing a trial date. The Parrishes' attorney made no objection to the manner in which the case had been set for trial, and the trial proceeded. The court ruled that the contract had not been renegotiated, that the terms of the original contract remained binding on the parties, and that the Parrishes had breached the contract by failing to return the binder. The court ordered the Parrishes to repay the Doughertys the $5,000 binder and also to pay $9,800 in liquidated damages.
Appellants first contend that the trial court erred by not properly setting the case for trial as mandated by Florida Rule of Civil Procedure 1.440(c) as construed in Bennett v. Continental Chemicals Inc., 492 So.2d 724 (Fla. 1st DCA 1986). Rule 1.440, Florida Rules of Civil Procedure, provides, "If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." In Bennett we held that "strict compliance with rule 1.440 is mandatory" and disapproved the local practice, followed in this case, of an attorney setting a case for trial by reserving time on the judge's calendar and sending a notice to the other party. 492 So.2d at 727. In Bennett the aggrieved party did not appear at trial and a default judgement was entered against him. We reversed the default judgement and granted a new trial.
Appellant's argument that our holding in Bennett mandates reversal in this case because the opposing attorney did not comply with rule 1.440 misconceives the holding of that case. Rule 1.440 is designed to safeguard the parties' right to procedural due process. Nothing in the rule prevents parties from stipulating to a convenient trial date and proceeding to trial without an order of court. In the present case, the record indicates that appellants' attorney was prepared to go to trial, appeared at the trial, and raised no objection to the method by which the case was set for trial. By this conduct appellants waived the requirements of rule 1.440.
Bennett did not hold that in every case where the court fails to issue an order setting trial failure to comply with rule 1.440 is automatically reversible error regardless of the circumstances. The error may be waived if the aggrieved party appears at trial and raises no objection to the noncompliance. Bennett held that because compliance with rule 1.440 is mandatory it is reversible error, when the aggrieved party does not appear or raises an objection to noncompliance with the rule, to compel that party to proceed with trial. The Bennett decision was not intended to give nonobjecting litigants who voluntarily proceed with trial a free ride. While we do not intend to darken the "bright line" ruling in Bennett, our decision today should make it clear that the undesirable results on which Judge Nimmons focused his dissent in Bennett will not necessarily come to pass.
In their second point, appellants contend that, because Virginia Parrish did not sign the contract, the evidence was insufficient to support a judgment against her. Because this issue was not presented to the trial court, and thus was not preserved for appellate review, we decline to address it. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Atwood v. Hendrix, 439 So.2d 973 (Fla. 1st DCA 1983).
Finally, appellants argue that the trial court erred in awarding both liquidated and *649 actual damages for the same injury. For the reasons now discussed we agree that this ruling was error.
First, we note that the obligations of the parties to this contract were subject to conditions precedent which provided that (1) the sellers would obtain eleven percent financing on their house, and (2) the buyers would not be obligated to consummate the sale unless they sold their Orlando house within forty-five days. The trial court ruled that the contract had not been renegotiated and thus the case must be disposed of according to the terms of the original agreement. Because the evidence is undisputed that neither condition precedent occurred, a binding contract of sale never came into existence. See e.g., First Prudential Development Corp. v. Hospital Mortgage Group, 390 So.2d 767 (Fla. 3d DCA 1980) ("substantial performance of all conditions precedent is required before a plaintiff may recover under a contract") quashed on other grounds, 411 So.2d 181 (Fla. 1982).
The liquidated damages clause provided for payment of ten percent of the purchase price ($9,800) as damages for breach of contract. Because this damages amount was tied to the purchase price of the property, we construe the liquidated damages provision as applicable to a breach of the contract of sale occurring after the conditions precedent were shown to have been satisfied and the obligations to sell and buy had become fixed. We decline to construe the liquid damages provision as applicable to the sellers' failure to return the deposit upon demand by the buyers.
Even if the liquidated damages provision were treated as applicable to the failure to return the binder, it is well established that a liquidated damages clause is enforceable only if the damages for breach of contract are not ascertainable at the time the contract is made. Berndt v. Bieberstein, 465 So.2d 1264 (Fla. 2d DCA 1985). Because the only breach of duty complained of was the failure to return the $5,000 binder, and the damages for this breach were readily ascertainable at the time the contract was signed, the liquidated damages clause is unenforceable as to that claim.
Moreover, a liquidated damage clause will not be enforced "if circumstances demonstrate that it would be unconscionable to allow the seller to retain the sum in question as liquidated damages." Berndt, 465 So.2d at 1265. To apply a liquidated damages clause amounting to $9,800 for failure to return a $5,000 deposit is, in our view, patently unconscionable.
The judgment of liability and award of damages for the return of the $5,000 deposit is affirmed. The award of liquidated damages in the amount of $9,800 is reversed. The cause is remanded with directions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.