509 So.2d 1344 (1987)
COQUINA, LTD., a Florida Limited Partnership, and United States Fidelity and Guaranty Company, Appellants,
v.
NICHOLSON CABINET COMPANY, Appellee.
No. BP-341.
District Court of Appeal of Florida, First District.
July 21, 1987.
*1345 M. Robert Blanchard of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
Thurston A. Shell of Shell, Fleming, Davis & Menge, Pensacola, for appellee.
SMITH, Chief Judge.
Appellants, Coquina, Ltd. and United States Fidelity and Guaranty Company, appeal from a final judgment entered in favor of appellee, Nicholson Cabinet Company.
After Coquina (owner) refused to pay for the cabinetry that Nicholson Cabinet Company (contractor) built and delivered to the owner's shopping center, the contractor filed a claim of lien. The owner countered with a notice of contest. The contractor then served the owner with a contractor's affidavit in which it was alleged that all related expenses had been paid in full. Three days later, the contractor filed an action to foreclose the lien. The owner transferred the lien to other security (bond, section 713.24(b)), and moved to dismiss the lawsuit based upon the contractor's failure to serve the contractor's affidavit at least five days prior to initiating the lawsuit. Before the trial court had ruled on the owner's motion, the contractor sought leave to file an amended complaint to sue on the bond which had been posted by the owner and to add the bonding company as a party defendant to the lawsuit. The trial court denied the owner's motion and granted the contractor's motion to amend the complaint. Subsequently a bench trial was held and a final judgment entered in favor of the contractor.
Appellants allege that the trial court erred in entering judgment in favor of appellee, since appellee failed to serve the contractor's affidavit at least five days before instituting its lawsuit. We disagree and affirm.
Section 713.05, Florida Statutes (1985), provides, in pertinent part, "A lienor ... who is in privity with the owner and claims a lien under this section shall furnish the contractor's affidavit required in s. 713.06(3)(d)."
Section 713.06(3)(d)1, Florida Statutes (1985), states the following:
(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even *1346 if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
The service of a contractor's affidavit on the owner is a condition precedent to the initiation of an action to foreclose a mechanic's lien, and failure to timely serve the affidavit is ground for dismissal of the lawsuit. Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3rd DCA 1977); Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982); and Herman v. Bob Woschnik Construction, Inc., 336 So.2d 1 (Fla. 4th DCA 1976). In that sense, the requirement is jurisdictional. However, failure to timely serve the affidavit is an error which may be cured by subsequent action. For example, see McMahan Construction Company v. Carol's Care Center, Inc., 460 So.2d 1001 (Fla. 5th DCA 1984) citing Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984) for the proposition that a defect in the notice requirement may be corrected after the lawsuit is filed, provided that the time for filing the lawsuit will not expire before the error is corrected.
In the present case, Nicholson served the contractor's affidavit three days before it filed its lawsuit, and it filed its lawsuit on the last day permitted by statute. Thus, the issue presented is whether a suit filed prematurely because not filed at least five days after the serving of the contractor's affidavit under section 713.06(3)(d)1, can nevertheless be considered a timely filing in order to meet the 60-day requirement of section 713.22(2). We hold, as apparently did the trial judge, that the action was timely filed and that the five-day provision of section 713.06(3)(d)1 was of no significance once Coquina contested the claim.
The essence of section 713.06(3)(d)1 is the requirement that a contractor's affidavit be furnished to the owner prior to the initiation of a foreclosure action. In the present case, the contractor's affidavit was served three days before the lawsuit was instituted. This fact distinguishes the present case from the first three cases mentioned above. More specifically, in Falovitch, Sowers, and Herman, supra, cited by appellants, there was no evidence that a contractor's affidavit had been filed at any time within the one-year period from recording of the claim of lien allowed for filing suit, whereas, in the present case, the contractor's affidavit was served prior to the time for filing the lawsuit had expired, even though the one-year period for filing the lawsuit had been drastically reduced to sixty days when Coquina filed a notice of contest of lien pursuant to the provisions of section 713.22(2), Florida Statutes (1985). We note, in passing, that under settled case law, but for the owner's invocation of the notice of contest procedure, Nicholson's filing of an amended complaint with leave of the trial court would have cured any defect by reason of failure to observe the five-day rule. McMahan, Askew, supra.
The purpose of a contractor's affidavit is to protect the owner from paying twice for the same item of labor or materials by allowing the owner to withhold payment without being in default until such time as proof has been given that all possible lienors claiming under the direct contract have been paid. Hardee v. Richardson, 47 So.2d 520 (Fla. 1950). In the present case, by virtue of filing a notice of contest of lien, Coquina gave notice of its election not to pay Nicholson's claim for the cabinetry it built and installed in Coquina's shopping center. Once the owner has manifested its intention not to pay the claim, the five-day period provided by section 713.06(3)(d)1 loses its significance, and the only issue remaining with respect to entitlement to sue is whether the claimant has perfected his lien. Cf., Hardee v. Richardson, supra. Here, Nicholson had clearly perfected its lien by recording a claim of lien, and by giving the contractor's affidavit. See, section 713.05. Appellant's contention that Nicholson had no lien because *1347 the contractor's affidavit was not served five days before suit is erroneous, since the statute, even in cases where applicable, does not purport to delay the acquisition of a lien until five days after serving the affidavit, but only suspends the right of action on a lien for that period. The five-day provision, although enacted at the same time as the 1963 amendment (Ch. 63-135, Laws of Florida (1963)) adding the provision (now section 713.22(2)) allowing formal contest of the claim by the owner and shortening the period for suit to sixty days, is not shown by appellants to serve any valid legislative purpose with respect to the operation of the provision for notice of contest. We therefore find no basis upon which to hold that the five-day requirement should be incorporated into the wholly unrelated sixty-day provision so as to arbitrarily bar a lien claimant who becomes subject to this reduced period for institution of legal action on his claim.
Appellants also argue that the evidence was insufficient to show privity of contract between the parties. We disagree. Michael Moses, Coquina's general partner, testified that the cabinetry was to be supplied by David Richbourg, interior designer, pursuant to the terms of an oral contract between himself and Richbourg. Norman Ricks, who had agreed to assist Richbourg during his illness, testified that Moses asked him to get the cabinetry built, and based on that authorization, he sketched the requested items, contacted Nicholson and arranged for their construction and installation, expressly directing that the bill be sent to Coquina. Raymond Piel, former manager of Nicholson Cabinet Company, testified that he was instructed by Ricks to bill Coquina directly and that he assumed that Ricks represented Coquina on the design project of the cabinetry. Whether an agency relationship exists and whether a contract is within the scope of an agent's authority are ordinarily questions of fact, and the trial court's findings will not be set aside unless clearly erroneous. Financial Fire & Casualty Company v. Southmost Vegetable Cooperative Association, 212 So.2d 69 (Fla. 3rd DCA 1968). In the present case, implicit in the trial court's judgment is the finding that Ricks was Coquina's agent and that he acted within the scope of his authority when he entered into a contract with Nicholson Cabinet Company. We cannot say that the trial court's findings were clearly erroneous, even though there was conflicting evidence.
Lastly, appellants argue that the judgment should be reversed because the trial court did not enter an order fixing a date for the trial, citing Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986). Coquina's reliance on Bennett is misplaced, for in that case a final hearing was held in the defendant's absence, whereas in the present case, Coquina fully participated in the trial without ever raising any objection to the absence of the order. See Parrish v. Dougherty, 505 So.2d 646 (Fla. 1st DCA 1987), where this court explained that the Bennett decision was not intended to give nonobjecting litigants who voluntarily proceed with trial a free ride to a second trial.
Accordingly, the final judgment appealed is AFFIRMED.
ERVIN and BOOTH, JJ., concur.