563 So.2d 1117 (1990)
INTERNATIONAL JAI-ALAI PLAYERS ASSOCIATION, Appellant,
v.
DANIA JAI-ALAI DIVISION OF THE ARAGON GROUP, INC., Appellee.
No. 89-1167.
District Court of Appeal of Florida, Fourth District.
July 5, 1990.
*1118 Ira J. Kurzban of Kurzban, Kurzban and Weinger, P.A., Miami, for appellant.
Susan Potter Norton and Murray Hudson of Hogg, Allen, Norton & Blue, P.A., Coral Gables, for appellee.
PER CURIAM.
This is an appeal from a final judgment imposing an injunction on striking Jai-Alai players. The issue on appeal is whether the injunction was improvidently made permanent. Appellant's specific objections are that the cause was not at issue and that there was insufficient notice that the hearing would include an application to make the injunction permanent.
Earlier in the proceedings the court had entered a temporary injunction, the imposition of which was affirmed on appeal. International Jai-Alai Players Ass'n v. Dania Jai-Alai, Div. of the Aragon Group, Inc., 537 So.2d 703 (Fla. 4th DCA 1989). The permanent injunction tracked the temporary injunction in all respects.
After the temporary injunction had been entered appellee filed a motion for contempt and to modify the preliminary injunction. Appellant filed a motion to dissolve the injunction. On September 16, 1988, the trial court entered an order setting a hearing for September 28, 1988, on appellant's motion to dissolve the temporary injunction and appellee's motion for contempt and to modify. On September 23, 1988, appellant filed its answer and affirmative defenses. A hearing was held on September 28 and continued on October 27, 1988. Final Judgment was rendered as a result of those hearings on April 14, 1989.
Rule 1.440, Florida Rules of Civil Procedure, provides in pertinent part:
(a) An action is at issue after any motions directed to the last pleading served have been disposed of, or if no such motions are served, 20 days after service of the last pleading.
... .
(c) If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
Appellant argues that at the time of the "final" hearing the cause was not at issue since there were pending motions. Alternatively it is contended that the order setting the final hearing was entered seven days before the answer was filed, also in violation of the rule.
In support of its first contention, appellant relies upon the first district's en banc decision in Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986). In Bennett, the plaintiff filed a complaint for a temporary and permanent injunction. The defendant filed a motion to dismiss the complaint. A hearing was held on the complaint and a temporary injunction *1119 was granted. The plaintiff then served notice of hearing on the complaint for a permanent injunction. After this notice, the defendant filed a motion to dissolve the temporary injunction along with an answer, counterclaim and cross claim.
The plaintiff then filed a motion to dismiss the counterclaim and cross-claim. After these motions were filed, a hearing was held on the permanent injunction in the defendant's absence and the court granted a permanent injunction nine days later.
On appeal, the defendant argued that since there were pending motions at the time the plaintiff served the notice of final hearing and at the time the final hearing was held, the cause was not at issue as contemplated by rule 1.440. The first district agreed and reversed the entry of the permanent injunction, holding that since there were at least three motions pending at the time of the hearing on the permanent injunction, the action was not at issue as contemplated by rule 1.440(a).
In so holding, the first district reasoned that the language of rule 1.440(a) ("an action is at issue after any motions directed to the last pleading have been disposed of or if no such motions are served 20 days after service of the last motion"), "is very clear as to when the action is ready for trial, or is at issue, [l]eaving little room for improvisation... ." Id. at 726.
Appellant contends that Bennett is dispositive of this case. Appellant points out that at the time the hearing on the permanent injunction was noticed and held in this case (by order of the court of September 16, 1988), two motions were pending, its motion to dissolve the preliminary injunction and appellee's motion for contempt and to modify the restraining order.
Thus, it is clear that, as in Bennett, there were pending motions in this case at the time the hearing was noticed and held. It follows then that here, too, the entry of the permanent injunction was reversible error.
The appellee, however, argues, in response to both appellant's contentions, that it is precluded from raising the issue of failure to comply with rule 1.440 because it failed to raise the objection at either the August, September, or October hearings.
In support of its argument, appellee relies upon Coquina, Ltd. v. Nicholson Cabinet Co., 509 So.2d 1344 (Fla. 1st DCA 1987), and Parrish v. Dougherty, 505 So.2d 646 (Fla. 1st DCA 1987). In Coquina, the first district held that the trial court's failure to enter an order fixing a date for trial, as required by rule 1.440(c), was not reversible error because the defendant fully participated in the hearing without objection. The court distinguished its prior holding in Bennett on the ground that in the earlier case the final hearing was held in the defendant's absence. Interestingly, it did not base the distinction upon Bennett's holding; that the cause was not at issue because at the time the hearing was noticed and held there were pending motions.
Similarly, in Parrish, the first district noted that a party waives the requirements of rule 1.440 where "the record indicates that [the party's] attorney was prepared to go to trial, and raised no objection to the method by which the case was set for trial." Id. at 648.
Appellant, however, contends that Coquina and Parrish are inapplicable because the attorneys in those cases had actual knowledge of the purpose of the trial and therefore were able to fully participate; whereas he was prepared to argue only the motion to dissolve the preliminary injunction. We are unable to hold on this record that appellant waived its right under the rule. Accordingly, we reverse and remand.
The temporary injunction, formerly approved by this court, remains in effect. This reversal will therefore have little practical effect on the parties. On remand it will be appropriate first to dispose of pending motions and thereafter, upon due notice, to hold a hearing on the merits of making the injunction permanent.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY and WARNER, JJ., concur.