LUTEN, CLAIRE K., Associate Judge.
Donald Grossman appeals from the granting of a motion for judgment in accordance with a motion, by Florida Power & Light Company (FPLC), for a directed verdict. Grossman filed suit against Guzman and FPLC for damages alleged to have occurred as a result of an intersection accident. FPLC moved for a directed verdict at the close of Grossman’s case, and at the close of the codefendant’s case, but failed to renew its motion at the close of all the evidence. The jury returned a verdict in favor of Grossman, finding FPLC one percent negligent for the accident. After entry of final judgment in accordance with the jury verdict, FPLC filed a motion to renew its motion for a directed verdict. The court granted the motion and entered an amended final judgment in favor of FPLC and against Grossman. We reverse.
Grossman argues that the trial court erred by permitting FPLC to move for a directed verdict after the rendition of the jury verdict and judgment was entered in accordance with that verdict, where FPLC had failed to renew its motion at the close of all the evidence. Grossman argues that the amended final judgment entered thereafter should be set aside and the former judgment reinstated. FPLC argues that Grossman, by appearing at the motion hearing and arguing the matter before the trial court, waived any objection to the court’s hearing the motion for a directed *993 verdict notwithstanding Florida Rule of Civil Procedure 1.480.
FPLC states that this situation is analogous to that presented in Parrish v. Dougherty, 505 So.2d 646 (Fla. 1st DCA 1987), wherein the appellate court held that while the provisions of rule 1.440 are mandatory, the aggrieved party may waive the provisions of the rule. This court is not persuaded.
Rule 1.440 states that upon motion by counsel, the court shall enter an order setting the trial date. In Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986), the court announced the bright line rule that strict compliance with rule 1.440 was mandatory. The Parrish court, however, receded from that position, finding that automatic reversal is not required in every case where there has not been strict compliance with rule 1.440. Rather, depending upon the circumstances, the mandatory provision of the rule may be waived.
In Parrish, the case was set for trial by Dougherty’s attorney, who scheduled the hearing and sent a notice to opposing counsel. The court did not issue an order setting the trial date. Counsel did not object to the manner in which the case was set and, in fact, appeared and proceeded to trial. After trial, counsel for Parrish argued that the judgment should be reversed because the trial was set in violation of 1.440. In its opinion, the appellate court found that rule 1.440 was designed as a safeguard for procedural due process. The court specifically stated that “[t]he Bennett decision was not intended to give non-objecting litigants who voluntarily proceed with trial a free ride ...,” id. at 647, and so held that, under the facts shown to exist in Parrish, the requirement of strict compliance may be waived. This logic is not applicable to the subject rule of procedure.
Florida Rule of Civil Procedure 1.480(b) states:
When a motion for a directed .verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury....
To permit an individual to proceed through trial, have a jury make a determination on the issue and then seek to raise, by a motion for directed verdict, the legal sufficiency of the evidence, would be to permit exactly what the court in Parrish was saying should not occur — a free ride. If the court, for any reason, does not grant the motion made at the close of all the evidence, the court is deemed to have left the issues and parties in the hands of the jury. If the motion is not made, the court cannot confer upon the party the right to make the motion later. To do so, is reversible error.
Having reached this result, it is not necessary to consider the issue of whether the jury verdict was based upon pyramiding inferences as discussed in Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla.1954) and Slitor v. Elias, 544 So.2d 255 (Fla. 2d DCA 1989).
We note that at the time the motion under appeal was made, there was pending a motion for a new trial. The record does not reflect whether the trial court has ruled upon that motion. If not, the trial court may certainly hear argument as to whether the verdict of the jury, as regards FPLC, is contrary to the manifest weight of the evidence.
Accordingly, we reverse the order granting FPLC’s motion to renew its motion for directed verdict, and the amended judgment which was entered in its favor. We remand for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and SCHEB, J., concur.