PER CURIAM.
Precision Constructors, Inc., the defendant below, appeals from a final judgment in favor of Valtec Construction Corp., the plaintiff below, following a bench trial.
We reverse as the case was tried before it was “at issue,” in contravention of Florida Rule of Civil Procedure 1.440. The original notice for trial was no longer viable after the plaintiff subsequently filed an amended complaint, thereby reopening the pleadings. See Nystrom v. Nystrom, 105 So.2d 605, 608 (Fla. 2d DCA 1958) (noting that if the defendant’s motion to amend her answer had been granted, “then the pleadings would be reopened and the cause would really be no longer at issue.”).[1] An action is not “at issue” until the pleadings are closed. See id.; Fla. R. Civ. P. 1.440(a). Here, the case was not at issue until 20 days after the defendant filed its answer to the amended complaint.[2] See Fla. R. Civ. P. 1.440(a). By then, however, the case had already been tried.
Failure to adhere strictly to the mandates of Rule 1.440 is reversible error.[3] See Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986). Accordingly, the judgment is vacated and the cause is remanded for a new trial.
REVERSED AND REMANDED.

. This reasoning is consistent with Florida Rule of Civil Procedure 1.440(a), which provides that “[a]n action is at issue after any motions directed to the last pleading served have been disposed of, or if no such motions are served, 20 days after service of the last pleading.” (emphasis supplied.)

. Rule 1.440 also provides that an action may be ready for trial before the 20 day period expires if "the party [here, the plaintiff] entitled to serve motions directed to the last pleading," waives its right to file such motions by filing a notice for trial at any time. Fla. R. Civ. P. 1.440(a). This provision is of no consequence here as the plaintiff did not file a notice for trial at any time after the last pleading-defendant’s answer to the amended complaint-was served.

.Under Rule 1.440, the proper procedure in this case would have been to serve a new notice for trial after the pleadings were finally closed (that is, after the defendant filed its answer to the amended complaint and any motions directed to the pleadings resolved) and the trial set for no earlier than 30 days after service of the notice for trial. See Fla. R. Civ. P. 1.440(a)-(c).