962 So.2d 1053 (2007)
LABOR READY SOUTHEAST INC., and James P. Ribar, Appellants,
v.
The AUSTRALIAN WAREHOUSES CONDOMINIUM ASSOCIATION, Appellee.
Nos. 4D06-2253, 4D06-2662.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
Michael L. Duncan and Kevin M. Eckhardt, Jacksonville, for appellant Labor Ready Southeast, Inc.
S. Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant James P. Ribar.
David A. Core and Scott C. Gherman of St. John, Core & Lemme, P.A., West Palm Beach, for appellee.
MAY, J.
This is a consolidated appeal by the owner and tenant of a parcel of property located in Australian Warehouses. The tenant and owner appeal an injunction removing the tenant from the property. We affirm, but write to address the application of rule 1.440 of the Florida Rules of Civil Procedure in this case.
Australian Warehouses is a retail condominium governed by the Australian Warehouses Condominium Association (Association) and the terms and conditions of the Declaration (Declaration). On June 5, 2002, the owner Ribar leased his unit to the tenant Labor Ready, a temporary employment company. The owner allowed *1054 the tenant to take possession before providing notice to the Association of his intention to lease the unit, contrary to the explicit terms and conditions of the Declaration.
On August 23, 2002, the owner provided the Association with notice of the lease agreement. The Association disapproved the lease on the same day. On September 10, 2002, the owner requested a substitute lessee from the Association, pursuant to the terms of the Declaration. The Association did not provide a substitute lessee.
In November 2002, the Association filed its complaint. The owner and tenant filed their responsive pleadings to an amended complaint by the end of February 2003. On September 18, 2004, the Association filed a two-count second amended complaint, seeking an injunction requiring the owner to remove the tenant and a nuisance injunction. On July 20, 2005, the Association filed a motion for summary judgment; the owner and tenant filed cross-motions for summary judgment on January 27, 2006, and February 6, 2006, respectively.
On March 9-10, 2006, the court heard the motions for summary judgment and set the case for final hearing on Tuesday, March 14, 2006. The Association ore tenus requested leave to amend its complaint. The trial court denied the motions for summary judgment.
On March 13, 2006, the tenant filed a motion for continuance of the final hearing date. The owner's counsel argued to the court that by allowing the Association to amend its complaint, the case was no longer at issue and could not be set for trial, pursuant to rule 1.440. Nevertheless, the trial court granted the Association's request to file a third amended complaint, granted the tenant's motion for continuance, and set the final hearing for April 17, 2006. On April 17-18, 2006, the court heard the case and entered final judgment enjoining the owner and tenant.
We find no merit in the issues raised, but write to address the application of rule 1.440 of the Florida Rules of Civil Procedure to the facts of this case.
On appeal, the owner and tenant argue the trial court erred when it set the case for trial on April 17, 2006 after permitting the Association to amend its complaint. They suggest that because their answers and affirmative defenses to the newly amended complaint had not been filed, the case was not at issue, the trial date was premature, and the trial court violated subsection (c) of rule 1.440. We understand the argument, but find the position unpersuasive in its attempt to elevate form over substance given the facts of this case.
Rule 1.440 provides:
(a) An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party . . . may waive the right to do so by filing a notice for trial at any time after the last pleading is served. . . .
(b) Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. . . .
(c) If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. . . .
Fla. R. Civ. P. 1.440.
Here, the tenant and the owner fail to acknowledge the procedural posture of this case. The case began with the Association's filing of its complaint in November 14, 2002, three-and-a-half years before it was ever set for trial. The case was first at issue on February 27, 2003 by which time the owner and tenant had filed their *1055 responsive pleadings. Following years of the cause being at issue, amendments, motions, and a hearing on cross-motions for summary judgment, the trial court set the final hearing for March 14, 2006.
One day prior to the final hearing, the tenant filed a motion to continue because the trial court had set the case for trial without the requisite thirty (30) days notice, pursuant to rule 1.440(c). The trial court granted the continuance and rescheduled the final hearing for yet another month, April 17, 2006. At the same time, the court allowed the Association to amend its complaint to conform the pleadings to the position it had taken during the hearing on the cross-motions for summary judgment.
Despite the technical nature of the amendment, the owner and tenant argued that the amendment prevented the cause from being at issue. The trial court responded: "[i]f you have a technical violation as to what he is going to fix and what he is moving on in the future, you have five days to object to it . . . [f]ailure to do that will mean that the trial will go forward." The Association filed the third amended complaint on March 14, 2006. Both the owner and the tenant filed their responsive pleadings by March 28, 2006, twenty (20) days prior to the scheduled hearing date. Neither the owner nor the tenant filed an objection, sought additional discovery, or requested the court to reconsider or continue the April 17th final hearing date. All parties fully participated in the hearing without objection. Importantly, no one argued they were not ready for trial, but simply argued a technical violation of rule 1.440.
The owner and tenant rely on cases emphasizing the mandatory nature of rule 1.440. See, e.g., Genuine Parts Co. v. Parsons, 917 So.2d 419 (Fla. 4th DCA 2006); Bennett v. Cont'l Chems., Inc., 492 So.2d 724 (Fla. 1st DCA 1986). We do not quarrel with those cases or their holdings. However, we point out that none of them involved cases that had been pending and at issue for years before a last minute technical amendment to a complaint. And even in those cases where the case is first at issue, any error "may be waived if the aggrieved party appears at trial and raises no objection to the noncompliance." Parrish v. Dougherty, 505 So.2d 646, 648 (Fla. 1st DCA 1987).
Here, as in Parrish, the record reflects that both the owner and tenant's attorneys were prepared to go to trial. The parties had nearly four years to prepare. They had each moved for summary judgment. When the subject of thirty (30) days notice was raised, the trial court acquiesced and provided them a trial date beyond thirty (30) days in compliance with subsection (c) of rule 1.440. It is only because the trial court allowed the Association to amend its complaint to correct technical deficiencies that the owner and tenant can attempt to fashion a hypertechnical violation of rule 1.440. We reject that attempt.
This is not a case where the case had never been at issue. This is not a case where the parties did not have sufficient time to prepare. This is not a case where anyone was prejudiced by the technical amendment to the complaint. In situations where the parties have received actual, timely notice of the trial, they are precluded from arguing prejudice based upon a technical violation. See Abrams v. Paul, 453 So.2d 826, 829 (Fla. 1st DCA 1984).
"[R]ule 1.440 was designed as a safeguard for procedural due process." Grossman v. Fla. Power & Light Co., 570 So.2d 992, 993 (Fla. 2d DCA 1990) (citing Parrish, 505 So.2d at 647). "[R]eversal is not required in every case where there has not been strict compliance with rule 1.440. Rather, depending upon the circumstances, *1056 the mandatory provision of the rule may be waived." Id. (citing Parrish, 505 So.2d at 647).
Here, the complaint was filed in 2002. The parties had adequate time to prepare for the hearing and the trial court had provided the parties with the requisite thirty (30) days notice. There was no ambush or violation of the procedural safeguards that Rule 1.440 was designed to protect. There was no error in the trial court's handling of this trial.
Affirmed.
GUNTHER and FARMER, JJ., concur.