CONFESSION OF ERROR

PER CURIAM.
Ana Lopez (“Lopez”) appeals from a final judgment entered in favor of U.S. Bank, N.A., as Trustee for JP Morgan Chase Mortgage Trust (“U.S.Bank”). Because this case was tried before it was “at issue,” in contravention of Florida Rule of Civil Procedure 1.440, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
On its own motion, the trial court issued an order setting trial for February 8, 2013. On that date, Lopez’s counsel objected to the case proceeding to trial, arguing that Lopez served her answer and affirmative defenses on January 21, 2013, which was less than the twenty days after service of the last pleading required by Florida Rule of Civil Procedure 1.440[1] for an action to be “at issue.” Indeed, the record shows that U.S. Bank’s counsel agreed with Lopez’s counsel on this point, and also brought the matter to the trial court’s attention. Nonetheless, the trial court conducted a trial on that date, and entered final judgment in favor of U.S. Bank.
II. ANALYSIS
On appeal, U.S. Bank properly concedes that the final judgment must be reversed as the case was not “at issue” pursuant to Rule 1.440 until twenty days after service of Lopez’s answer and affirmative defenses. Moreover, U.S. Bank had not waived its right to serve motions directed at Lopez’s answer and affirmative defenses by filing a notice of trial. See Fla. R. Civ. P. 1.440(a).
Because “[fjailure to adhere strictly to the mandates of Rule 1.440 is reversible error,” Precision Constructors, Inc. v. Valtec Constr. Corp., 825 So.2d 1062, 1063 (Fla. 3d DCA 2002), we reverse the final judgment in favor of U.S. Bank and remand for a new trial.
REVERSED AND REMANDED.

. The relevant portion of the Rule states:
Rule 1.440. Setting Action for Trial
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of cross-claims among the parties shall not prevent the court from setting the action for trial on the issues raised by the complaint, answer, and any answer to a counterclaim.