IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HSBC BANK USA, N.A. as
Trustee for Nomura Asset
Acceptance Corporation Mortgage
Pass-Through Certificates, Series
2005-AR5,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0022

　　　　Appellant,

v.

COSTEL SERBAN,

　　　　Appellee.

_____/

Opinion filed October 23, 2014.

An appeal from the Circuit Court for Okaloosa County.
Keith Brace, Judge.

Donna Eng, Michael K. Winston, and Dean A. Morande of Carlton Fields Jorden
& Burt, P.A., West Palm Beach, for Appellant.

George M. Gingo and James E. Orth, Jr. of Gingo & Orth, P.A., Titusville, for
Appellee.


PER CURIAM.

　　　　HSBC Bank USA, N.A., as Trustee for Nomura Asset Acceptance

Corporation Mortgage Pass-Through Certificates, Series 2005-AR5 ("HSBC

Bank"), appeals the denial of its motion for continuance, made at trial, and the trial

court's dismissal of the action without prejudice due to HSBC Bank's failure to appear at trial with a witness through which evidence might be presented to prove its case. HSBC Bank contends that the trial court erred as a matter of law by convening the trial before the case was "at issue" under rule 1.440(a), Florida Rules of Civil Procedure; abused its discretion by denying the motion for continuance; and abused its discretion by dismissing the action upon HSBC Bank's failure to comply with the court order setting the trial. Under the circumstances of this case, the trial court committed no legal error by convening the trial as scheduled and its rulings were not abuses of discretion. Accordingly, the order on appeal is affirmed.

The proceedings were initiated by HSBC Bank on March 11, 2008, upon its filing the complaint for foreclosure in circuit court. Attached to the complaint was a copy of a note under which Mr. Costel Serban promised to repay a loan made by Gateway Funding Diversified Mortgage Services. The note was secured by a mortgage on real property. The last page of the note contained a blank endorsement from Gateway Funding. See § 673.2051(2), Fla. Stat.

For five years, the case made little progress due to lengthy gaps between the parties' filings. When the trial court issued case management orders in 2013, the litigation proceeded in earnest.

On August 13, 2013, the circuit court entered its Order Setting Non-Jury

2

Trial for October 17, 2013. This provided the parties with 65 days' notice of the trial date and time, well in excess of the 30-days' notice required by rule 1.440(c). No doubt mindful of the age of the case, and consistent with the court's responsibility to manage its docket,[1] the court's order setting trial included an admonition to counsel as follows:

> 3. The Plaintiff shall file all necessary documents as required by the rules of court and be present and prepared on the date indicated herein to resolve this case via Non-Jury Trial, failure of either party to be prepared to resolve the case via Non-Jury Trial may result in imposition of sanctions by the court against the offending party to include dismissal of the action;

Plaintiff HSBC Bank raised no objection to the order at any time prior to the date of trial.

On September 11, 2013, Mr. Serban moved for leave to amend his answer and affirmative defenses and the court granted the motion on September 19, 2013. The court directed HSBC Bank to file its reply within ten days, which time expired September 30, 2013. Fla. R. Civ. P. l.190(a). HSBC Bank filed its Reply to the Answer on October 2, 2013 and Reply to Affirmative Defenses on October 9, 2013. HSBC Bank did not request a continuance of the trial at this point.

Each party appeared through counsel at the trial as scheduled on October 17, 2013. Due to the amended answer and HSBC Bank's latest reply thereto, there was no question that the trial date was less than 20 days after HSBC Bank served

---

[1] See Fla. R. Jud. Admin. 2.545.

the "last pleading."  See Fla. R. Civ. P. 1.440(a).  However, the status of the action as "at issue" was not immediately challenged.  Instead, the following exchange between counsel for HSBC Bank and the court took place:

> **MR. McDONALD**: Your Honor, as you know, I represent the plaintiff, HSBC. And I'm the attorney that is assigned to try this case.
> When you ask if the plaintiff is ready to proceed, the answer to that is – plaintiff ['s] counsel is ready to proceed, Your Honor. I fully prepared this case for trial, am fully prepared to try the case today. However, unfortunately, I have to present the Court with a motion for continuance.
> **THE COURT**:   I hope its not because of unavailability of your bank witness, because I'm kind of getting wore out with those.
> **MR. McDONALD**: Your Honor, I understand that. And it is the unavailability of the witness.
> Wells Fargo is the servicer, Your Honor. All of the Wells Fargo witnesses are assigned out for other trials.
> I have been begging and trying to get a witness for the case, and the client has been trying to find somebody. But all of their witnesses are assigned out, and they couldn't have somebody here today, Your Honor.

Counsel then argued that a continuance would be fair, in light of the court's recent acceptance of the amended answer and affirmative defenses.   Counsel candidly admitted to the court that he was notified "between seven and ten days ago" that no witness for the plaintiff would be available.  Counsel for Mr. Serban objected to the request for continuance due to the time and expense incurred for counsel to appear at trial and because HSBC Bank failed to show good cause for a continuance.

4

The trial court found that HSBC Bank had ample notice of the trial and sufficient opportunity to locate a qualified witness or even to train a witness during the interim between the setting of trial and the trial date. When the court announced its intention to deny the continuance, HSBC Bank's counsel introduced the argument that the amended answer and affirmative defenses "probably took the case out of being at issue." Counsel further argued that "the case was no longer at issue, so the trial order for today actually would not be proper for setting the case for trial today."

The trial court rejected HSBC Bank's rule 1.440(a) argument, finding that counsel could have filed a written motion for continuance prior to the day of trial, but waited until the parties and the court had assembled to seek a later trial date. The court further found that the reason HSBC Bank could not put on its case as scheduled was "not because of the amendment to the pleadings by the defendant; it's because the bank did not, after sufficient notice, have a representative here to testify." The court thus denied the continuance and, upon motion by the defense, dismissed the action without prejudice pursuant to rule 1.420(b).

On appeal, HSBC Bank argues that rule 1.440(a), Florida Rules of Civil Procedure, requires reversal of the trial court's order because the rule prohibits trial less than twenty days after service of the last pleading. HSBC Bank relies on Precision Constructors, Inc. v. Valtec Construction Corp., 825 So. 2d 1062 (Fla. 3d

DCA 2002) and <u>Bennett v. Continental Chemicals, Inc.</u>, 492 So. 2d 724 (Fla. 1st DCA 1986) for its position that strict compliance with rule 1.440(a) is required. However, the "bright line approach" applied in <u>Bennett</u> is not applicable in all cases.

In <u>Parrish v. Dougherty</u>, 505 So. 2d 646, 648 (Fla. 1st DCA 1987), this Court clarified that "<u>Bennett</u> did not hold that in every case where the court fails to issue an order setting trial, failure to comply with rule 1.440 is automatically reversible error regardless of the circumstances." The violation in <u>Parrish</u> was the lack of a signed court order setting trial, as required by rule 1.440(c). This Court held that this procedural requirement could be waived when the party appeared at the scheduled trial and raised no objection to the method of setting the trial. In contrast, <u>Bennett</u> involved violations of both rule 1.440(a) and 1.400(c) because the trial was not set by a signed court order, the trial was held prior to the close of the pleadings, and motions to dismiss certain pleadings were still pending. This combination of procedural improprieties prompted reversal in that case.

Minor violations of rule 1.440 are insufficient grounds for reversal when it is clear that no deprivation of due process resulted from the violation. For instance, in <u>Mourning v. Ballast Nedam Construction, Inc.</u>, 964 So. 2d 889 (Fla. 4th DCA 2007), the notice resetting the trial was mailed to Ballast by opposing counsel rather than by the court. Ballast then failed to appear at trial, without explanation.

6

The appellate court distinguished the technical violation of rule 1.440(c) from the violations which occurred in <u>Bennett</u> and held that Ballast's failure to appear, after receiving notice of the trial, constituted a waiver. Rejecting a "bright-line rule," the court found "no due process implication if Ballast receives the order setting the trial docket in a timely fashion and that order comes in a properly addressed envelope sent through the U.S. mail by Mourning's counsel. We fail to see the logic in permitting Ballast to ignore the order and thereafter engage in 'gotcha' tactics to set aside the final judgment." <u>Mourning</u>, 964 So. 2d at 893. The court refused to "elevate form over substance" where, under the facts of the case, a strict application of rule 1.440 "does nothing to advance the due process of law." <u>Id</u>. at 894. Accordingly, the trial court's order vacating the default judgment against Ballast was reversed.

The effect of an amended pleading filed subsequent to an otherwise compliant order setting trial under rule 1.440 was the issue in <u>Labor Ready Southeast Inc. v. Australian Warehouses Condominium Ass'n</u>, 962 So. 2d 1053 (Fla. 4th DCA 2007). Like HSBC Bank in this case, the appellant in <u>Labor Ready</u> argued that the amended pleading removed the case from "at issue" status under rule 1.440(a) and required reversal of the final injunction order. The Fourth District Court of Appeal disagreed, holding:

> This is not a case where the case had never been at issue. This is not a case where the parties did not have sufficient time to prepare.

This is not a case where anyone was prejudiced by the technical amendment to the complaint. In situations where the parties have received actual, timely notice of the trial, they are precluded from arguing prejudice based upon a technical violation. See Abrams v. Paul, 453 So. 2d 826, 829 (Fla. 1st DCA 1984).

"[R]ule 1.440 was designed as a safeguard for procedural due process." Grossman v. Fla. Power & Light Co., 570 So. 2d 992, 993 (Fla. 2d DCA 1990) (citing Parrish, 505 So. 2d at 647). "[R]eversal is not required in every case where there has not been strict compliance with rule 1.440. Rather, depending upon the circumstances, the mandatory provision of the rule may be waived." Id. (citing Parrish, 505 So. 2d at 647).

Labor Ready Se., 962 So. 2d at 1055-56. Noting that the case had been pending for more than four years and that there was "no ambush or violation of the procedural safeguards that Rule 1.440 was designed to protect," the appellate court found "no error in the trial court's handling of this trial." Labor Ready Se., 962 So. 2d at 1056.

HSBC Bank filed this case more than five years prior to the scheduled trial. There was no question that the parties were notified of the trial date by the court's order entered August 13, 2013, more than sixty days before the trial date. The last-minute amendment to the answer, to which plaintiff replied prior to trial, did not prompt HSBC Bank to move for continuance immediately, to avoid wasted court time and parties' travel expenses. The trial court's determination that the amendment had no relation to HSBC Bank's failure to supply a witness for trial was reasonable. Under the circumstances of this case, the trial court's proceeding

8

to trial on the scheduled date, even though fewer than twenty days had passed "after service of the last pleading," did not deprive HSBC Bank of due process and does not warrant reversal. Fla. R. Civ. P. 1.440(a).

In addition, the trial court's denial of HSBC Bank's motion for continuance made at trial was not an abuse of discretion. See Garner v. Langford, 55 So. 3d 711, 714 (Fla. 1st DCA 2011) (decision to grant or deny motion to continue is matter resting within the sound discretion of the court). HSBC Bank relies on cases where the physical or mental condition of counsel or a party unexpectedly prevented appearance at a scheduled trial. See Krock v. Rozinsky, 78 So. 3d 38 (Fla. 4th DCA 2012); Myers v. Siegel, 920 So. 2d 1241 (Fla. 5th DCA 2006). Those cases list additional factors to be considered in determining whether a trial court abused its discretion in denying a motion for continuance, including whether denial will create injustice for the movant, whether the cause for the request was "unforeseeable by the movant" and whether the opposing party would suffer any prejudice as a result of a continuance.

The continuance sought in this case had no relation to any medical emergency or other unforeseen event. Plaintiff's counsel knew a week or more in advance that his client would not be supplying a witness for trial. While rule 1.460, Florida Rules of Civil Procedure, acknowledges that a continuance may be sought on grounds of nonavailability of a witness, continuances are generally

disfavored and require a showing of good cause. Fla. R. Jud. Admin. 2.545(e) ("All judges shall apply a firm continuance policy. Continuances should be few, good cause should be required, and all requests should be heard and resolved by a judge."). No abuse of discretion is presented by the trial court's determination that HSBC Bank's reason for failing to provide a witness for trial—the overscheduling of its employees or representatives in other cases—did not constitute good cause for a continuance.

HSBC Bank's argument that a continuance would not cause Mr. Serban to suffer any prejudice because he would simply continue to occupy the property without payment on his loan until the eventual trial is unavailing. The prejudice to Mr. Serban in this situation is the persistent lack of resolution of the allegations against his property interests. HSBC Bank's presumption that Mr. Serban is enjoying possession of the real property at HSBC Bank's expense is premature, given HSBC Bank's failure to present any proof of its allegations at trial, and in particular any evidence to establish that HSBC Bank was entitled to enforce the note as of the date the lawsuit was filed. In Gee v. U.S. Bank N.A., 72 So. 3d 211, 213 (Fla. 5th DCA 2011), in reversing summary judgment of foreclosure for the plaintiff bank, the court noted:

> Incredibly, U.S. Bank argues that "[i]t would be inequitable for [Ms. Gee] to avoid foreclosure based on the absence of an endorsement to [it]." But that argument flies in the face of well-established precedent requiring the party seeking foreclosure to

10

present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.

As the plaintiff, it is HSBC Bank's burden to prove that it is the proper party to enforce the note via maintenance of the foreclosure action. It must also present evidence to support its claim of non-payment of certain monies owed to HSBC Bank. Only then do the equities of any possession by the defendant borrower become relevant. Because HSBC Bank failed to produce a witness for the previously scheduled and noticed trial, the trial court did not abuse its discretion in requiring HSBC Bank to suffer the consequence of its failure to produce any proof of its case by denying a continuance.

Finally, the trial court's dismissal of the action without prejudice, pursuant to rule 1.420(b), was not an abuse of discretion. The order setting the trial date specifically informed the parties of the consequences for failure to appear at trial ready to resolve the case. While the trial court did not use the terms "willful" or "dilatory tactics" in discussing HSBC Bank's failure to produce a witness, the court expressed its disapproval of the client's apparent refusal to cooperate with counsel to put on its case. As previously noted, the case had been pending for more than five years and the court found no circumstances showing that HSBC Bank's failure to produce a witness for trial resulted from events beyond its control. HSBC Bank has not demonstrated any abuse of the trial court's discretion in dismissing the case without prejudice.

11

For all the foregoing reasons, the order on appeal is affirmed.

VAN NORTWICK, CLARK, and SWANSON, JJ., CONCUR.