# Sixth District Court of Appeal
## State of Florida

_____

Case No. 6D2024-0859
Lower Tribunal No. 2022-CA-001468

_____

CITIZENS PROPERTY INSURANCE CORPORATION,

Petitioner,

v.

YOSMERI BORGES and YOMARIS BORGES,

Respondents.

_____

Petition for Writ of Mandamus to the Circuit Court for Lee County.
James Shenko, Judge.

September 20, 2024

GANNAM, J.

Citizens Property Insurance Corporation, the defendant below, petitions the court for a writ of mandamus compelling the trial court to remove the case from its trial docket because the case is not "at issue" under Florida Rule of Civil Procedure 1.440. Citizens is right, but we deny mandamus relief because the trial court mooted Citizens' petition by removing the case from its trial docket and staying the action pending our decision.

"An action is at issue after any motions directed to the last pleading served have been disposed of . . . ." Fla. R. Civ. P. 1.440(a). "Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial." Fla. R. Civ.

P. 1.440(b). "By giving the same notice the court may set an action for trial." Fla. R. Civ. P. 1.440(c). "For many years, the appellate courts of this state have emphasized that the rule's specifications are mandatory and they have admonished trial courts to strictly adhere to them." *Gawker Media, LLC v. Bollea*, 170 So. 3d 125, 129 (Fla. 2d DCA 2015); *cf.* § II.E.(7)a.ii., Fla. Admin. Order No. AOSC21-17, Amend. 3 (Jan. 8, 2022) ("The case management order must . . . indicate that a firm trial date will be ordered by the presiding judge when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440.") "Indeed, a trial court's obligation to hew strictly to the rule's terms is so well established that it may be enforced by a writ of mandamus compelling the court to strike a noncompliant notice for trial or to remove a case from the trial docket." *Gawker Media*, 170 So. 3d at 130.

At the time of Citizens' petition, there remained pending in the trial court a motion directed to the last pleading served—the Borgeses' motion to strike directed to Citizens' answer and affirmative defenses.[1] By the plain meaning of rule 1.440(a), the action was not at issue. To be sure, the action *was* at issue when Citizens filed its answer, and perhaps at other times previously. But after the Borgeses filed their

---

[1] Citizens filed the operative answer and affirmative defenses on February 26, 2024. The Borgeses filed their motion to strike on March 6, 2024, and on the same day filed a reply to Citizens' seventh affirmative defense. Citizens filed its answer and affirmative defenses again on March 12, 2024. The refiled answer was not styled an amended answer and, in any event, was ineffective as an amended pleading as a matter of right under rule 1.190(a) because the Borgeses' responsive pleading—their reply to the seventh affirmative defense—had already been served. Thus, the refiled answer did not displace the previously filed answer or otherwise dispose of the Borgeses' motion to strike for purposes of rule 1.440(a).

2

motion to strike, it wasn't. *See generally Ludeca, Inc. v. Alignment & Condition Monitoring, Inc.*, 276 So. 3d 475, 479 (Fla. 3d DCA 2019) ("Here, the filing of the compulsory counterclaim reopened the pleadings, thereby divesting the case of its 'at issue' status."); *Precision Constructors, Inc. v. Valtec Const. Corp.*, 825 So. 2d 1062, 1063 (Fla. 3d DCA 2002) ("The original notice for trial was no longer viable after the plaintiff subsequently filed an amended complaint, thereby reopening the pleadings.").

The trial court did not have discretion to set for trial an action that was not at issue. But the trial court struck the case from its trial docket and stayed the action pending our disposition of Citizens' petition. We need not issue a writ to compel what is already done, and thus we deny the petition as moot.

PETITION DENIED.

TRAVER, C.J., and SMITH, J., concur.

Kathryn L. Ender, of Dinsmore & Shohl LLP, Miami, for Petitioner.

Chrystal P. Robinson, of Elite Insurance Law, PLLC, Boca Raton, for Respondents.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED