# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1069
Lower Tribunal No. 16-17781 CC
_____


**Kevin Cruz,**
Appellant,

vs.

**Steve Clyne,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

The Williams Law Group, and Andrew Williams, for appellant.

Debi Gheorge-Alten, P.A., and Debi Gheorge-Alten (Coral Springs), for appellee.


Before LOGUE, C.J., and EMAS, and SCALES, JJ.

PER CURIAM.

Appellant Kevin Cruz, the plaintiff below, appeals a May 15, 2023 final judgment that dismissed, with prejudice, Cruz's lawsuit for his failure to appear for jury trial. Cruz argues that we should reverse the final judgment because (i) the trial court set his case for a jury trial within thirty days of the service of the trial notice in violation of Florida Rule of Civil Procedure 1.440(c),[1] and (ii) the dismissal was a sanction that required the trial court to make express, written findings. Because Cruz waived the first ground and failed to adequately preserve the second ground for appellate review, we affirm.

*A. Rule 1.440(c) Violation*

"Rule 1.440 is designed to safeguard the parties' right to procedural due process." Parrish v. Dougherty, 505 So. 2d 646, 648 (Fla. 1st DCA 1987). While generally we have held that trial courts must strictly comply with

---

[1] The rule provides:

> (c) **Setting for Trial.** If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

Fla. R. Civ. P. 1.440(c).

rule 1.440(c),[2] we also have recognized that compliance with the rule's requirements may be waived if the aggrieved party appears and participates at trial, without raising an objection to how the case was set for trial.[3]

---

[2] See Precision Constructors, Inc. v. Valtec Const. Corp., 825 So. 2d 1062, 1063 (Fla. 3d DCA 2002) ("Failure to adhere strictly to the mandates of Rule 1.440 is reversible error.").

[3] See Ludeca, Inc. v. Alignment & Condition Monitoring, Inc., 276 So. 3d 475, 479 (Fla. 3d DCA 2019) (recognizing that "in some instances appellate courts have held that a party waived its objection to an order setting trial contrary to the rule," and that "those decisions rest upon a finding that appearance and participation at trial, without 'objection to any deviation from rule 1.440,' constitute a waiver" (quoting Gawker Media, LLC v. Bollea, 170 So. 3d 125, 130 (Fla. 2d DCA 2015))); see also HSBC Bank USA, N.A. v. Serban, 148 So. 3d 1287, 1291 (Fla. 1st DCA 2014) ("Minor violations of rule 1.440 are insufficient grounds for reversal when it is clear that no deprivation of due process resulted from the violation."); Correa v. U.S. Bank N.A., 118 So. 3d 952, 954 (Fla. 2d DCA 2013) ("Correa waived the notice requirements of rule 1.440(c) by agreeing to the rescheduled trial date and proceeding at trial without objection."); Labor Ready Se. Inc. v. Australian Warehouses Condo. Ass'n, 962 So. 2d 1053, 1055-56 (Fla. 4th DCA 2007) ("[R]eversal is not required in every case where there has not been strict compliance with rule 1.440. Rather, depending upon the circumstances, the mandatory provision of the rule may be waived." (quoting Grossman v. Fla. Power & Light Co., 570 So. 2d 992, 993 (Fla. 2d DCA 1990))).

Similarly, the First District has concluded that such a waiver occurs where the aggrieved party's counsel "was prepared to go to trial, appeared at the trial, and raised no objection to the method by which the case was set for trial." Parrish, 505 So. 2d at 648.

Here, Cruz's lawsuit remained pending for over six years when, on March 29, 2023, Cruz filed a notice of trial readiness. On April 24, 2023, the trial court set the matter for trial on May 15, 2023, in violation of rule 1.440(c)'s requirement that the trial be set no sooner than thirty days from the date of the notice. Cruz, though, filed no written rule 1.440(c) objection to the May 15th trial date. In fact, Cruz issued three subpoenas for trial testimony for the May 15th trial date and filed a plaintiff's pretrial catalogue, followed by a joint pretrial catalogue. Then, at the May 15th trial proceeding, when the trial court announced its intention to dismiss the case for Cruz's failure to appear, Cruz's counsel raised no oral rule 1.440 objection; instead, Cruz's counsel requested that the trial either proceed in Cruz's absence or that the lower court continue the trial.

At no point did Cruz or his counsel lodge an objection below to the May 15th trial date based on the trial court's rule 1.440(c) violation; indeed, Cruz's counsel expressly urged the trial court to proceed with the scheduled May

4

15th trial. On these facts and circumstances, we have little difficulty concluding that Cruz waived strict adherence to rule 1.440(c). <u>Id.</u>

*B. Failure to Make Express, Written Findings*

Next, Cruz argues that the trial court committed reversible error because the court failed to make express, written findings that Cruz's failure to appear at trial was done willfully or with deliberate disregard of the court's authority.[4] Because Cruz did not raise this issue in a *timely* Florida Rule of Civil Procedure 1.530 motion for rehearing,[5] this issue is unpreserved for appellate review, and, therefore, we are compelled to affirm on this ground as well. <u>See</u> Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact, a party must raise that issue in a motion for rehearing under this rule.");[6] <u>Tucker v. LNV</u>

---

[4] <u>See</u> <u>Ledo v. Seavie Res., LLC</u>, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) (recognizing that where a trial court sanctions a party for the party's violation of a court order, the trial court must make express, written findings of the party's willful or deliberate disregard of the court's authority).

[5] Cruz did file a rule 1.530(a) motion that sought rehearing of the final judgment because the trial court had failed to make the required findings. Cruz's rehearing motion, though, was served one day late and, therefore, was untimely. <u>See</u> Fla. R. Civ. P. 1.530(b) (providing that a motion for rehearing must be served not than later fifteen days after the date the judgment is filed).

[6] We note that, effective October 19, 2023, the Florida Supreme Court amended rule 1.530(a) so that it now reads that "[t]o preserve for appeal a challenge to the failure of the trial court to make required findings of fact *in*

5

<u>Corp.</u>, 363 So. 3d 1095, 1098 (Fla. 4th DCA 2023) ("[T]o the extent Tucker argues that the trial court failed to make required findings of fact on the face of the final judgment, this contention was not preserved by the filing of a motion for rehearing."); <u>ARP Acquisitions Corp. v. PHH Mortg. Corp.</u>, 337 So. 3d 873, 875 (Fla. 3d DCA 2022) ("A trial court loses jurisdiction to alter or amend a final judgment after the time for filing a rule 1.530 motion has elapsed.").

Affirmed.

---

*the final judgment*, a party must raise that issue in a motion for rehearing under this rule." <u>See</u> <u>In re: Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530</u>, 373 So. 3d 1115 (Fla. 2023) (emphasis added). If the 2023 rule amendment were to apply to this case (it does not), the addition of the words "in the final judgment" to rule 1.530(a) would not have affected the outcome of this appeal.